[Civ. No. 21276. Second Dist., Div. Two. Jan. 25, 1956.]

ELIZABETH SCHESSLER, Appellant, v. WILLIAM KECK et al., Respondents.

664

Randolph J. Soker for Appellant.

Hanna & Morton and Harold C. Morton for Respondents.

ASHBURN, J.—Plaintiff Elizabeth Schessler appeals from a summary judgment rendered pursuant to section 437c, Code of Civil Procedure, in favor of defendants William Keck and Jean Keck. In an amended complaint plaintiff charges defendants William Keck, Jean Keck, Sallie May

Ferguson, and Hazel Edwards, with slander in that they made statements imputing to her a loathsome disease. The utterances are alleged to have occurred in August, 1948, and to have been repeated by defendant Edwards to one Ann Storms in the winter of 1949 or spring of 1950, and to one Nell Robinson in March, 1952. It is further alleged "That thereafter in about August 1948, the defendants combined and conspired by common design to defame and damage the plaintiff in the following manner . . . that the defendants then and there discussed the plaintiff and by common understanding, design, purpose and use of language did declare and disseminate opprobrious statements of and concerning the plaintiff. . . ." Demurrers of defendants Keck were sustained without leave to amend. That ruling was reversed by this court in *Schessler* v. *Keck*, 125 Cal.App.2d 827 [271 P.2d 588]. Demurrants relied upon the statute of limitations and the fact that the utterances alleged to have been made by them occurred in 1948, the action being filed on January 13, 1953, long after the prescribed one-year period of limitation (Code Civ. Proc., § 340, subd. 3). The basis of the reversal was that (p. 832) "plaintiff's complaint alleges that all of the slanderous statements purportedly published by the defendants were committed in furtherance of a conspiracy formed by said defendants to defame and damage her. She has alleged a publication by defendant Edwards to Nell Robinson as late as about March, 1952, in furtherance of the common design of the defendants to slander her. While a conspiracy is in existence, the statute of limitations will not begin to run until there is a cessation of the wrongful acts committed in furtherance of the conspiracy." As a matter of pleading the charge of conspiracy was held sufficient (at page 833). Like general allegations have been upheld as good pleading in *California Auto Court Assn.* v. *Cohn*, 98 Cal.App.2d 145, 149 [219 P.2d 511]; *Abbot Kinney Co.* v. *Harrah*, 84 Cal. App.2d 728, 733 [191 P.2d 761]; *Moropoulos* v. *C. H. & O. B. Fuller Co.*, 186 Cal. 679, 682, 688 [200 P. 601]; *Mox Incorporated* v. *Woods*, 202 Cal. 675, 677 [262 P. 302].

After the reversal defendants Keck moved for a summary judgment. Their answers specifically denied the conspiracy charge and raised the defense of limitation. In view of this court's ruling upon the former appeal, it is evident that the statute had run unless there had been a conspiracy as alleged. Defendants in support of their motion undertook by affidavits to establish that the issue was a spurious one raised by plain-

tiff, one that could not be supported by any substantial evidence. The substance of the factual allegations they had to meet (aside from the general charge of conspiracy) was that defendant Jean Keck (then Jean Florian) was a social acquaintance of William Keck and visited in his home; that Sallie May Ferguson was there employed as secretary-housekeeper; that Hazel Edwards worked there as a maid; "that the defendants then and there discussed the plaintiff and . . . did declare and disseminate opprobrious statements of and concerning the plaintiff, to-wit: that the plaintiff was being treated for syphilis in the office of Dr. Wood, and that the plaintiff should not be employed as a cook. . . ." Paragraph VIII: "That the said statements of and concerning the plaintiff, were repeated and published by the defendants in about August, 1948, in furtherance of their common design, successively, by defendant Jean Florian to defendant, William Keck, by the defendant, William Keck, to defendant, Sallie May Ferguson, by defendant Sallie May Ferguson, to defendant, Hazel Edwards, and by the defendant, Hazel Edwards at various times and places to numerous persons, including to one Ann Storms in the winter of 1949 or spring of 1950, and to one Nell Robinson in about March of 1952, and plaintiff is informed and believes and upon such information and belief alleges that the defendants repeated and published the same to numerous other persons unknown to plaintiff but known to defendants." Paragraph IX contains this: "That the circumstances were known to the defendants and each of them at the time of the said respective publications, which gave them reason to expect repetition as above alleged, in that the defendants knew the plaintiff to be employed as a cook and cateress in Beverly Hills or Bel Air, where the defendants likewise resided or were employed; that the plaintiff and defendants knew and were acquainted with numerous employers, employees and others in the said vicinity of Beverly Hills and Bel Air; and that said repetition and republication was the natural and probable consequence of the respective acts of the defendants."

The William Keck affidavit states that during July and August, 1948, Sallie May Ferguson was in his employ as a housekeeper; that he told her in July that he did not want to employ Joe Schenck's cook (meaning plaintiff) in his home because she had 4 plus blood; that Ferguson left in the spring of 1949 and has not been employed by him since that time; that he has not talked to her on any subject whatever

and has not seen her since that time, nor communicated with her or she with him in any manner whatsoever. The Jean Keck affidavit says that upon one occasion in July, 1949, Sallie May Ferguson asked her on the telephone whether plaintiff had syphilis and she replied in the negative; that this was the only occasion upon which she discussed the plaintiff with said Ferguson; that after affiant's marriage to William Keck said Ferguson was employed in the Keck home as housekeeper until the spring of 1949 when she left; that she has not been employed by the Kecks since; that affiant has not had any personal conversations, telephone conversations or other communications from or to said Ferguson since the time she left the Kecks' employment, except that affiant received an unsolicited letter from Ferguson which was written on the day this action was filed.

Concerning the defendant Hazel Edwards, William Keck's affidavit says that she was employed as a maid in his home before and during July and August, 1948, and until the spring of 1949 when she left; that he had no conversation with her about plaintiff; that she has not been in his employment since that time; that he has not talked to her nor has she talked to him since she left his home; that he has not communicated with her nor received any communication from her during that period of time. Defendant Jean Keck's affidavit says that on one occasion in the fall of 1948 Hazel Edwards asked her, when no one else was present, whether plaintiff had syphilis and she replied in the negative; that that is the only occasion on which she discussed plaintiff with said Edwards; that she has not had any personal or telephone conversations with Edwards or any communication from or to her from the time she left the Keck employment, except that in March, 1949, she received a letter from Edwards which did not mention plaintiff in any manner whatsoever.

Both defendants deny the charge of conspiracy. William Keck in his affidavit says: ''In neither my conversation set out above with Mrs. William Keck (then Miss Jean Florian) nor in my conversation set out above with Sallie May Ferguson did I enter into any agreement, express or implied, with them, or either of them, to form a conspiracy to slander, defame or otherwise damage Elizabeth Schessler or her reputation or to publish any information at all about Elizabeth Schessler or anyone else.'' Again, ''I specifically deny that when I stated to Sallie May Ferguson that I did not wish

to employ Joseph Schenck's cook I made said statement in furtherance of any conspiracy, combination, agreement or plan to slander or defame Elizabeth Schessler. . . . I do not know of a conspiracy, combination or agreement among any persons at all to slander, defame or damage the plaintiff or her reputation.'' The affidavit of defendant Jean Keck uses substantially the same language. It is not claimed by appellant's counsel that the Keck affidavits are insufficient in this respect.

█ Though the rule is that the affidavits of the moving party are to be strictly construed (*Kimber* v. *Jones,* 122 Cal.App.2d 914, 919 [265 P.2d 922] ; *Murphy* v. *Kelly,* 137 Cal.App.2d 21, 27-28 [289 P.2d 565]), it is difficult to see how defendants could have made a more definite showing in negation of the sweeping charge of conspiracy thus made against them. █ They first gave such conversation as they had with each of the defendants Ferguson and Edwards, which conversations did not include anything in the nature of a conspiracy; then they showed that they had had no subsequent talks or communications with either of those defendants upon the subject of plaintiff; then they denied categorically the averment of confederation or conspiracy by agreement, express or implied. Thus they made a prima facie showing of no conspiracy and that the action had been filed too late. It then became incumbent upon plaintiff to establish by factual affidavits that the charge of conspiracy raised a real issue, something more than ''the product of adept pleading'' (*Coyne* v. *Krempels,* 36 Cal.2d 257, 262 [223 P.2d 244]). Section 437c, Code of Civil Procedure. specifies with respect to a resisting plaintiff's showing: ''The affidavit or affidavits in opposition to said motion shall be made by the plaintiff . . . or by any other person having knowledge of the facts, and together shall set forth facts showing . . . that a good cause of action exists upon the merits. The facts stated in each affidavit shall be within the personal knowledge of the affiant, shall be set forth with particularity, and each affidavit shall show affirmatively that the affiant, if sworn as a witness, can testify competently thereto. . . .'' █ Volume 2, Witkin California Procedure, section 78, page 1715: ''Since the object of the proceeding is to discover *proof*, the adverse party must file an affidavit in opposition to the motion; he cannot rely on a verified pleading alone. (*Coyne* v. *Krempels* (1950), 36 Cal.2d 257 [223 P.2d 244], *supra*, § 76; *Kelly* v. *Liddicoat* (1939), 35 Cal.

App.2d 559 [96 P.2d 186] . . .) And an affidavit which contains no evidentiary statements but merely repeats the general allegations of the pleading is similarly useless. (*Cowan Oil & Ref. Co. v. Miley Petroleum Corp.* (1931), 112 Cal.App. Supp. 773, 780 [295 P. 504].)''

Plaintiff's affidavit in opposition to the motion says, referring to the amended complaint: ''I hereby state that the allegations contained therein are true of my own knowledge except as to the matters which are therein stated upon information or belief, and as to those matters that I believe them to be true.'' Then follows a résumé of the complaint allegations, most of which could not be within the personal knowledge of the plaintiff and hence constitute hearsay, conclusion and opinion, and not competent factual proof required by the statute. (See *Low v. Woodward Oil Co., Ltd.,* 133 Cal.App.2d 116, 121 [283 P.2d 720]; *Murphy v. Kelly, supra,* 137 Cal.App.2d 21, 28; *Weichman v. Vetri,* 100 Cal.App.2d 177, 179; *Shea v. Leonis,* 29 Cal.App.2d 184, 187-188 [84 P.2d 277].) An example of this is found in the affidavit's repetition of the allegations of paragraph VIII above quoted. The averment that ''the circumstances were known to the defendants and each of them at the time of the said respective publications, which gave them reason to expect repetition as above alleged . . . and that said repetition and republication was the natural and probable consequence of the respective acts of the defendants,'' considered aside from its conclusional character, affords no evidence of conspiracy. When a slander proceeds from mouth to mouth of its own momentum the original utterer is liable for the repetitions in certain circumstances (*Draper v. Hellman Coml. T. & S. Bank,* 203 Cal. 26, 39 [263 P. 240]), but that very fact is persuasive that no concert of action is necessary to bring about the result; certainly it is not any evidence that there was express or implied agreement for repetition.

The affidavit of plaintiff concludes as follows: ''Affiant hereby incorporates herein the attached Affidavits of Nell Robinson, Sallie May Ferguson, Clyde O. Wood, M.D., and Ann Storms; that the facts stated herein are within the personal knowledge of affiant, and that affiant, if sworn as a witness, can testify competently thereto.'' Counsel for respondent asserted on oral argument, and examination of the original superior court file which is before us confirms the fact, that the documents attached to said affidavit are not original affidavits of Robinson, Ferguson, Wood and Storms,

or any of them, but are copies of purported affidavits. They are not competent and must be disregarded. (*Gardenswartz* v. *Equitable etc. Soc.*, 23 Cal.App.2d Supp. 745, 751 [68 P.2d 322] ; *Low* v. *Woodward Oil Co., Ltd., supra*, 133 Cal,App.2d 116, 121, 122 ; *Murphy* v. *Kelly, supra*, 137 Cal.App.2d 21, 28.)

Appellant's counsel bases his principal argument upon the proposition that the general allegation of conspiracy is sufficient as a matter of pleading, conspiracy is difficult to detect and more difficult to prove, and the considerations which uphold his pleading should also sustain his affidavit couched in the same general language. Also that plaintiff's assertion "that the facts stated herein are within the personal knowledge of affiant and that affiant, if sworn as a witness, can testify competently thereto" should be accorded some weight, although it is plainly manifest (and the brief so shows) that plaintiff cannot competently testify to the constituent facts of conspiracy for the good reason that she does not know them. These arguments cannot prevail. The trial court properly held that there is nothing of substantiality to the charge of conspiracy and hence no real issue to be tried.

Appellant also argues that the moving affidavits are insufficient because they do not assert in the terms of the statute "that the affiant, if sworn as a witness, can testify competently thereto." It appears that defendants' affidavits speak of things that are within the personal knowledge of the respective affiants, and when that appears the statute has been complied with. This same point was made in *Cone* v. *Union Oil Co.*, 129 Cal.App.2d 558 [277 P.2d 464], and was disposed of in this language (p. 564) : "An examination of Kingman's affidavit discloses that he had been in charge of and personally conducted all negotiations with the union on behalf of the company during all the times mentioned in his affidavit. He thus made a sufficient showing of his competency to testify to the facts stated therein."

The judgment is affirmed.

Moore, P. J., and Fox, J., concurred.