CARL P. SWOPE, Plaintiff and Appellant, v. ROBERT MOSKOVITZ et al., Defendants and Respondents.

Russell E. Parsons and Harry E. Weiss for Plaintiff and Appellant.

Lawler, Felix & Hall and Robert Henigson for Defendants and Respondents.

FILES, P. J.—Plaintiff Carl Swope filed this action seeking damages for slander against Robert Moskovitz, Gerald Novak, and Joseph E. Seagram & Sons, Inc., "a corporation doing business as Calvert Distilling Co." Plaintiff, a former employee of Seagram, was discharged from his position on January 19, 1962. In his complaint, filed on January 17, 1963, plaintiff alleges that within the past year Moskovitz and Novak, as agents of Seagram, made certain dafamatory remarks about plaintiff to fellow employees and others in the liquor industry. Seagram, Moskovitz and Novak filed answers in which they denied ever having made the utterances attributed to them.

Plaintiff's replies to questions put to him in a deposition and by written interrogatories make it clear that plaintiff himself has no personal knowledge of the defamatory statements;[1] he bases his allegations on information received from others. Plaintiff initially identified two of his informants as his attorney Harry E. Weiss and a Mr. Lee Rogers, but refused to divulge the names of the others until ordered to do so by the court. In his "further answer" to interrogatories, plaintiff states that the following people told him that defendants Moskovitz and Novak made the alleged defamatory remarks about him: Lillian Kazluckas, Mary Petibone, Edward Napoli, Richard White, Stewart White, Sam Greenfield, Stanley Silverman and Dudley Clements.

On September 3, 1965, defendants filed a notice of motion for a summary judgment under Code of Civil Procedure section 437c. The motion was supported by the declaration of defendant Novak and the deposition of defendant Moskovitz, both of whom denied having uttered the defamatory statements, the declarations of Mary M. Pettibone, Ed. Napoli

---

[1]Plaintiff does say that he has knowledge of certain statements which defendant Moskovitz made to him personally regarding his expense accounts and veracity not later than the first week in January 1962. Such statements, being more than a year prior to the action, are outside the applicable period of limitations (Code Civ. Proc., § 340, subd. 3) and outside the allegations of the complaint. They are therefore immaterial now. But the fact that such earlier statements were made (if it is a fact) helps explain why plaintiff is so insistent that defendants slandered him and injured his reputation in the liquor business.

Richard S. White, Stuart E. White, Stanley I. Silverman and Samuel Greenfield, all of whom denied having heard any such statements, and the declaration of defendants' attorney which set forth the admissions theretofore made by plaintiff that he had no personal knowledge of such statements.

Plaintiff filed his own declaration in opposition to the motion, in which he reaffirmed his belief that the statements had been made even though he had not been present.

The hearing of the motion was continued three times and on October 21, 1965, it was granted. Judgment dismissing the action was thereupon entered, from which plaintiff appeals.

The rules applicable to summary judgments have recently been stated by the Supreme Court as follows: ■ "Summary judgment is proper only if the affidavits in support of the moving party would be sufficient to sustain a judgment in his favor and his opponent does not by affidavit show such facts as may be deemed by the judge hearing the motion sufficient to present a triable issue. The aim of the procedure is to discover, through the media of affidavits, whether the parties possess evidence requiring the weighing procedures of a trial. ■ In examining the sufficiency of affidavits filed in connection with the motion, the affidavits of the moving party are strictly construed and those of his opponent liberally construed, and doubts as to the propriety of granting the motion should be resolved in favor of the party opposing the motion. Such summary procedure is drastic and should be used with caution so that it does not become a substitute for the open trial method of determining facts." (*Stationers Corp.* v. *Dun & Bradstreet, Inc.,* 62 Cal.2d 412, 417 [42 Cal.Rptr. 449, 398 P.2d 785].)

■ The declarations submitted by defendants, strictly construed, indicate that defendants are entitled to a judgment. They show (1) that plaintiff's claim is based entirely upon utterances which the defendants Moskovitz and Novak are alleged to have made orally, and (2) that Moskovitz and Novak, who are competent witnesses to the fact, testify by affidavit[2] or declaration that no such utterances were made.

Plaintiff's declaration, no matter how liberally construed, raises no issue of fact, for plaintiff concededly is not a competent witness to prove the utterance of the alleged slanderous statements.

During the two years, nine months, which elapsed between

---

[2] A deposition is an affidavit, usable for this purpose. (*Saporta* v. *Barbagelata,* 220 Cal.App.2d 463, 469 [33 Cal.Rptr. 661].)

the filing of the complaint and the granting of the motion plaintiff had ample time to conduct an investigation and use the processes of the court for discovery purposes. In his answers to interrogatories plaintiff stated that one of his sources of information was his attorney, Harry E. Weiss, but plaintiff failed to come forward with any affidavit by Mr. Weiss to show even so much as a source of information. So far as the record indicates, plaintiff did not contend that, if given more time, he could produce other evidence. Rather, plaintiff's contention in the trial court, and in this court, is that he wants to go to trial and have the issue determined upon live testimony in the courtroom. To put it baldly, plaintiff relies only upon his hope that witnesses who have testified against him by affidavit will, in open court, reverse themselves and give testimony in support of plaintiff's claim. In order to defeat the motion, a party must present something more substantial than that.

Two cases relied upon by plaintiff should be mentioned. *Stationers Corp.* v. *Dun & Bradstreet, Inc.*, 62 Cal.2d 412 [42 Cal.Rptr. 449, 398 P.2d 785], was an action for libel, in which the defense was privilege, under Civil Code section 47, subdivision 3, in that the communication had been made to an interested person, without malice. A summary judgment for defendants was based upon declarations by defendants' employees stating that they had acted without malice, and that the publication had been made upon reports of unidentified persons which the affiants believed to be reliable. Plaintiffs were unable to contradict those declarations because the defendants had refused to identify their informants. In reversing, the Supreme Court pointed out that malice was inferrable from lack of reasonable cause to believe the statement to be true, and that ''Defendants cannot require a court to accept their *ipse dixit* assertion of good faith, particularly on motion for summary judgment.'' (62 Cal.2d at p. 421.) The specific error pointed out by the Supreme Court was accepting as true the declarations of the employees without requiring them to disclose the sources of their information. The *Stationers* case also contains another factual issue. A defendant who pleads privilege under section 47, subdivision 3, has a burden of proof. (*Snively* v. *Record Publishing Co.*, 185 Cal. 565, 578 [198 P. 1].) The self-serving testimony of the defendants' employees would support a judgment only if accepted as true by the trier of the facts. Under the circumstances of that case, a jury might well have considered the

bias of the declarants and their lack of candor, and remained unconvinced. Thus the credibility of the defendants' declarations was itself a factual issue to be tried.

In *Frye* v. *Felder*, 246 Cal.App.2d 136 [54 Cal. Rptr. 627], the trial court granted a summary judgment in favor of plaintiff, based upon an uncontradicted declaration of the plaintiff concerning a transaction to which no other available person could testify. There were other circumstances which raised a question of credibility. The plaintiff had the burden of proof in that case, and if his credibility could be attacked successfully, plaintiff could not prevail. The appellate court reversed upon the ground that the plaintiff's credibility was a fact issue to be explored at a trial.

In the case at bench a trial to examine the credibility of defendants' witnesses will not help plaintiff. Here plaintiff has the burden of proving that the alleged slander was uttered. The record shows that he has no evidence. Casting doubt upon the veracity of defendants' witnesses will not make a case for plaintiff. His position is no better than that of the plaintiff in *Schessler* v. *Keck*, 138 Cal.App.2d 663 [292 P.2d 314].

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 11, 1967.