[Civ. No. 33546.   Second Dist., Div. Five.   Oct. 22, 1969.]

LEE A. BARNES, a Minor, etc., Plaintiff and Appellant, v. BLUE HAVEN POOLS, Defendant and Respondent.

## COUNSEL

Demler, Perona, Webster & Langer and Walter D. Webster for Plaintiff and Appellant.

Wyman, Bautzer, Finell & Rothman, Alvin M. Cassidy and Robert T. Hanger for Defendant and Respondent.

## OPINION

**KAUS, P. J.**—Plaintiff appeals from a summary judgment in defendant's favor.

The complaint alleges that sometime before September 19, 1965, the defendant negligently designed and constructed a private swimming pool and diving board which were thereafter in a dangerous and defective condition; that on September 19 plaintiff, then 17 years old, struck bottom and injured his spine and central nervous system.

The second cause of action proceeds on a mixed theory of breach of warranty and liability predicated on the theory of *Greenman* v. *Yuba Power Products, Inc.,* 59 Cal.2d 57 [27 Cal.Rptr. 697, 377 P.2d 897, 13 A.L.R.3d 1049]. Defendant answered and later filed its notice of motion for summary judgment. The evidence adduced in favor of the motion consisted of the following: 1. Excerpts from the deposition of an expert who had been engaged by plaintiff to inspect the pool. In essence he testified that he had inspected the pool but had not reached any conclusion "in regard to any safety factors."

2. Certain answers to interrogatories asked of defendant to the effect that the pool complied with the "standards" of the County of Los Angeles and the city in which it was located.

3. Excerpts from the deposition of a vice president of the defendant. From the corporation's records he determined that the pool in question was a "No. 98 kidney, one of our template pools." This is a standard pool sold to a prospective purchaser as such. The witness described the method of selling the pool, of getting a permit from the municipality involved and of installing it.

4. Excerpts from the deposition of plaintiff who testified that he dove off the diving board without testing the depth of the water or knowing such depth and that the board appeared to operate in a normal way.

5. Excerpts from the testimony of plaintiff's father who had used the board on earlier occasions and had noticed nothing unusual. He had also witnessed his son's dive and it appeared normal. He did not know how far forward the plaintiff dove.

6. An excerpt from the deposition of plaintiff's mother who testified that she did not know how far toward the shallow end of the pool her son dove.

7. A declaration by one Maxine Nyssen, a witness to the accident. She had seen the start of plaintiff's dive, but not its execution because she was preoccupied with one of her own children. Other children had used the diving board without mishap.

8. A declaration by Virgil Fillbach, the owner of the pool, giving certain dimensions and stating that both before and after plaintiff's accident nobody has ever been hurt in the pool. He had witnessed the plaintiff's dive. "His dive was a long one, prompting his mother to state, 'Boy, he went a long way out.' "

9. In addition defendant referred the court to certain answers to interrogatories submitted to the plaintiff which indicate, according to defendant, that plaintiff has "no witnesses to prove [his] contentions concerning negligence on the part of Blue Haven Pools and that [he was] not aware of any violations at that time."[1]

The papers filed in opposition to the motion for summary judgment do not add much by way of evidence, except an answer by plaintiff, given at

---

[1]The relevant questions and answers are as follows: "1. With respect to the allegations contained in Paragraph V of your Complaint: (a) State all of your factual contentions in detail as to how and in what manner defendant negligently designed the swimming pool and diving board in question. (b) State all of your factual contentions in detail as to how and in what manner defendant negligently constructed the swimming pool and diving board in question. (c) State all of your factual contentions in detail as to how and in what manner defendant negligently produced the swimming pool and diving board in question. (d) State all of your factual contentions in detail as to how and in what manner defendant negligently installed the swimming pool and diving board in question. (e) State all of your factual contentions in detail as to how and in what manner defendant negligently owned the swimming pool and diving board in question. (f) State all of your factual contentions in detail as to how and in what manner defendant negligently maintained the swimming pool and diving board in question. (g) State all of your factual contentions in detail as to how and in what manner defendant negligently controlled the swimming pool and diving board in question. (h) State the names, addresses and telephone numbers of all witnesses who have any information or knowledge in connection with any of your factual contentions as listed above. (1) State whether or not either your or your attorneys' investigator has obtained any written statements from any of the witnesses identified, and if such statements were obtained, indicate the date of the taking of such statement and the name of the person taking the statement."

"1. I made a dive from the diving board and struck my head on the bottom of the swimming pool, causing serious injuries. This should not have happened in a well-designed pool. The pool was too shallow, was not deep enough for diving; the diving board was too large and too long. The witnesses to prove such facts are not yet known. We are attempting to learn other factual contentions by discovery proceedings."

"2. Do you allege or contend that the swimming pool and/or diving board in question were constructed in violation of any ordinance, regulation or statute? (a) If your answer is yes, identify specifically the ordinance, regulation or statute involved, and indicate in detail how and in what manner said ordinance, regulation or statute was violated, and how and in what manner the violation was the proximate cause of the accident of which you complain."

"2. No violations are known at this time."

"3. Do you allege or contend that there had been any injuries or accidents prior to your accident in the swimming pool in question that was occasioned as a result of any negligence on the part of the defendant as alleged in your Complaint? (a) If the answer is yes, state the name of the parties involved in said accident, the date of said accident and how and in what manner each accident occurred."

"3. We are presently unaware of any prior injuries or accidents that occurred in the swimming pool in question."

the time of his deposition, to the effect that there was nothing unusual about his dive.

The court granted the motion for summary judgment. The judgment pursuant thereto was duly signed and entered on September 14, 1967. On September 8, plaintiff had filed and set for hearing on September 28 a "Notice of Motion to Reconsider and Vacate Order Granting Summary Judgment." That notice of motion was accompanied by expert declarations which unquestionably raise a factual issue concerning the negligent design of the pool. That much is virtually conceded by defendant who claims, however, that plaintiff's motion was, in reality, a motion for a new trial and that the trial court was entitled to consider plaintiff's reasons for not presenting the additional declarations at the time of the argument on the motion for summary judgment as insufficient. In view of the conclusion we have reached we need not decide whether defendant is correct.

■ At a trial of this case plaintiff would have the burden of proving defendant's negligence on his first cause of action and the existence of a defect within the meaning of the *Greenman* doctrine on the second. We also assume for the sake of this opinion that plaintiff would be unable to survive a motion for a nonsuit without presenting expert testimony on these issues. That being so, plaintiff would not be entitled to go to the jury, if at the time of trial he comes up with nothing better than was before the court in connection with the defendant's motion for summary judgment.

On the other hand the facts presented by the defendant's papers do not negative negligence. ■ A summary judgment in favor of a defendant is proper "if it is claimed the action has no merit" (Code Civ. Proc., § 437c) and such claim is proved to be correct. There is nothing in the statute which lessens the burden of the moving party simply because at the trial the resisting party would have the burden of proof on the issue on which the summary judgment is sought to be predicated. In such a case, on the motion for summary judgment, the moving party must generally negative the matters which the resisting party would have to prove at the trial. (*Canifax* v. *Hercules Powder Co.,* 237 Cal.App.2d 44, 49-50 [46 Cal.Rptr. 552]; *McClary* v. *Concord Ave. Motors,* 202 Cal.App.2d 564 [21 Cal.Rptr. 1.]; *Kramer* v. *Barnes,* 212 Cal.App.2d 440, 449 [27 Cal. Rptr. 895].)

There are, of course, cases such as *Swope* v. *Moskovitz,* 253 Cal.App.2d 514 [61 Cal.Rptr. 277]; *Snider* v. *Snider,* 200 Cal.App.2d 741 [19 Cal.Rptr. 709]; *Schessler* v. *Keck,* 138 Cal.App.2d 663 [292 P.2d 314] and *Maltby* v. *Shook,* 131 Cal.App.2d 349 [280 P.2d 541], where the moving defendant, by its affidavits, effectively precluded any possibility of recovery by the plaintiff in the absence of a challenge to their veracity or completeness. This is obviously not such a situation. After

reading everything submitted to the trial court we are just none the wiser on the question whether the pool was negligently or defectively designed and constructed.[2]

This is simply not a case which lends itself to the summary judgment procedure. ██ Professional experience tells us that ultimately the outcome will be determined by the relative credibility and persuasiveness of expert testimony. It was not incumbent on plaintiff to produce such testimony unless a defendant's presentation at the motion of summary judgment demonstrably showed a carefully constructed pool, free of defects. This it did not do.

The judgment is reversed.

Stephens, J., and Aiso, J., concurred.

---

[2]At oral argument defendant laid heavy stress on the fact that its moving papers showed compliance with applicable laws. It is elementary that this does not establish due care as a matter of law. (*Nevis* v. *Pacific Gas & Elec. Co.,* 43 Cal.2d 626, 630 [275 P.2d 761].) A fortiori, it does not negative a defect.