[No. F015594. Fifth Dist. Mar. 10, 1992.]

CHEVRON U.S.A., INC. et al., Petitoners, v.
THE SUPERIOR COURT OF KERN COUNTY, Respondent;
PETER J. COBB et al., Real Parties in Interest.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

## Counsel

McCormick, Barstow, Sheppard, Wayte & Carruth, Wade M. Hansard and Theodore W. Hoppe for Petitioner.

No appearance for Respondent.

Shernoff, Bidart & Darras, Michael J. Bidart, Frank N. Darras and Sharon J. Arkin for Real Parties in Interest.

## OPINION

**DIBIASO, J.**—Petitioners Chevron, U.S.A., Inc., G & D Construction, Jack Moseley, David Moseley, and Gary Moseley seek a writ of mandate compelling the trial court to grant their motion for summary judgment. We will deny the petition, on the ground petitioners failed to satisfy the demands of Code of Civil Procedure[1] section 437c. This case is a laboratory example of the application of section 437c; we publish for this reason alone.

### FACTS AND PROCEDURAL HISTORY

Petitioners hired Whitten Excavation Company, an independent contractor, to haul water. Whitten employed real party Peter Cobb to drive a water truck. He was doing so when he lost control of the truck and it overturned. The accident took place "at South 10th Street (also known as 25 Hill Road), 148 feet north of Buena Vista Place, Kern County, California." Petitioners were the agents and employees of each other and were acting within the course and scope of such agency at all relevant times.

Real parties allege in the fifth cause of action that petitioners are liable for Cobb's injuries arising out of the accident for the following reasons:

"At all times relevant herein [petitioners] knew or should have known that Whitten Excavation Company would use mechanically defective trucks to haul the water and that such method of hauling water would constitute a hazard to [Cobb] as the driver of the truck.

"[Petitioners] negligently failed to exercise reasonable care to employ a competent and careful contractor to haul the water by employing Whitten Excavation Company knowing that the trucks used to haul the water were mechanically defective. Such negligence was the proximate cause of [Cobb's] injuries and damages alleged herein."

Petitioners brought a motion for summary judgment and, in the alternative, for summary adjudication of numerous listed issues. Opposition was

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

filed. The court announced at the hearing it would grant summary adjudication as to one issue,[2] but would otherwise deny the motion. Thereafter, petitioners filed this challenge to the trial court's written order denying the motion for summary judgment.

## DISCUSSION

## I.

■ A defendant who moves for summary judgment must either *prove* an affirmative defense which would bar every cause of action pled in the complaint or *disprove* at least one essential element of each cause of action in the complaint. (*Twain Harte Associates, Ltd.* v. *County of Tuolumne* (1990) 217 Cal.App.3d 71, 79-80 [265 Cal.Rptr. 737].) The moving party must show that under no possible hypothesis within the reasonable purview of the allegations of the complaint is there a material question of fact which requires examination by trial. (*Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46]; *Pultz* v. *Hogerson* (1986) 184 Cal.App.3d 1110, 1114 [229 Cal.Rptr. 531].) If the defendant does not satisfy its burden as the moving party, the motion must be denied, and it is unnecessary for the court to consider the plaintiff's opposition, if any. (*Conn* v. *National Can Corp.* (1981) 124 Cal.App.3d 630, 639 [177 Cal.Rptr. 445]; *Residents of Beverly Glen, Inc.* v. *City of Los Angeles* (1973) 34 Cal.App.3d 117, 127 [109 Cal.Rptr. 724].)

■ In evaluating the correctness of a ruling under section 437c, we must independently review the record before the trial court. Because the grant or denial of a motion under section 437c involves pure questions of law, we are required to reassess the legal significance and effect of the papers presented by the parties in connection with the motion. (*Saldana* v. *Globe-Weiss Systems Co.* (1991) 233 Cal.App.3d 1505, 1513 [285 Cal.Rptr. 385].) We thus must apply the same three-step analysis required of the trial court:

" 'First, we identify the issues framed by the pleadings since it is these allegations to which the motion must respond . . . . [¶] Secondly, we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's favor. . . . [¶] When a summary judgment motion prima facie justifies a judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue.' " (*Zuckerman* v. *Pacific Savings Bank* (1986) 187 Cal.App.3d 1394, 1400-1401 [232 Cal.Rptr. 458]; see also *Saldana* v. *Globe-Weiss Systems Co., supra,* 233 Cal.App.3d at p. 1513.)

---

[2]The propriety of this ruling is not before us.

In practical effect, we assume the role of a trial court and redetermine the merits of the motion. In doing so, we must rigidly scrutinize the moving parties' papers. (See *Rincon* v. *Burbank Unified School Dist.* (1986) 178 Cal.App.3d 949, 954-955 [224 Cal.Rptr. 88]; and *Jos. Schlitz Brewing Co.* v. *Downey Distributor* (1980) 109 Cal.App.3d 908, 915-918 [167 Cal.Rptr. 510].)

The fifth cause of action of real parties' first amended complaint asserts petitioners were negligent because they knew or should have known, when they hired Whitten, that it would use defective trucks and that such conditions would create a risk of harm to persons such as real party. ▆▆ ▬ ▆ ▆ As all parties acknowledge, this theory of recovery is the "negligent hiring" exception to the general rule that an employer is not liable for the torts of an independent contractor or of the employees of the independent contractor. (*Green* v. *Soule* (1904) 145 Cal. 96, 99 [78 P. 337].)[3] Under this exception, an employer who negligently fails to employ a competent and careful contractor may be liable for injuries caused by the contractor's failure to exercise due care. (*Risley* v. *Lenwell* (1954) 129 Cal.App.2d 608, 622 [277 P.2d 897]; *Gettemy* v. *Star House Movers, Inc.* (1964) 225 Cal.App.2d 636, 643 [37 Cal.Rptr. 441].) The employer's knowledge of the existence of the risk of harm is an important factor in determining whether the exception applies to a particular fact situation. (*Risley, supra,* 129 Cal.App.2d at p. 622; *Gettemy, supra,* 225 Cal.App.2d at p. 643.)

▆ Having identified the theory of liability relied upon in the first amended complaint, we must next determine whether the admissible evidence contained in the moving papers entitles petitioners to judgment as a matter of law. (*Zuckerman* v. *Pacific Savings Bank, supra,* 187 Cal.App.3d at p. 1400.) In this regard, the evidence purporting to support petitioners' proposed undisputed facts consists of the following:

*Declaration of Gary Whitten*

—Whitten owns Whitten Excavation and is familiar with its projects.

—On the day of the accident, Cobb was assigned to work on the Jubilian project, which was unrelated to the Chevron job.

---

[3]We make it clear we do not decide whether, as a matter of pleading, the first amended complaint properly stated a cause of action on this ground. A defendant's burden under section 437c is to disprove every claim or theory presented by the complaint, even those deficiently pled. The fact that a demurrer, if brought, may have been sustained does not reduce the defendant's burden on a motion for summary judgment. (*Segura* v. *Brundage* (1979) 91 Cal.App.3d 19, 28 [153 Cal.Rptr. 77].) Even though the trial judge had the option to evaluate the adequacy of the complaint by treating the motion as one for judgment on the pleadings (see *Hejmadi* v. *AMFAC, Inc.* (1988) 202 Cal.App.3d 525, 536-537 [249 Cal.Rptr. 5]), he was not asked to do so and did not do so. Accordingly, we assume the technical sufficiency of the first amended complaint for purposes of this proceeding.

—The Jubilian project was located near Elk Hills City and the Elk Hills Naval Reserve.

—Cobb picked up the water truck at the Chevron site; the truck was used at this site until the day before the accident, when it was moved to another, unrelated site.

—Cobb drove the truck to the Jubilian site the day before the accident and returned it to the Chevron site for the evening.

—On the morning of the accident, Cobb was told that the 1969 water truck would be again needed at the Jubilian site, and the accident occurred while he was traveling towards the Jubilian site.

*Deposition of Gary Whitten*

—On the day of the accident Cobb was driving from the Chevron site to a jobsite "called Elk Hills City," where "[s]omebody was trying to develop an area."

—Cobb drove the truck the morning of the day before the accident to the same job.

—By reviewing company time cards and talking to "other people," Whitten "figured out" where Cobb was headed "that morning." He was not working at the Chevron site because he was headed away from it. Whitten was convinced that Cobb was working at the Jubilian project after a thorough study of the time cards.

—Jubilian was a developer who was trying to develop a "multiple family project."

—Jubilian had never been to Whitten to inspect its equipment before Whitten was hired as a subcontractor, nor had Jubilian asked to see any maintenance schedules, fleet records, or DMV records on Whitten's trucks.

—Jay Robertson was another company employee who worked at the Jubilian site, "running a motor grader."

—The only equipment supplied by Whitten to Jubilian before the accident was a water truck and motor grader, for which Whitten has invoices. All Whitten did at the Jubilian site was rough grading, weed eradication, and dust control.

—Whitten obtained the Jubilian work by telephone contact with someone who cannot now be recalled.

—Whitten was at the Jubilian site for three or four days.

—Whitten believed Jubilian identified his project as "Elk Hills City." Whitten does not know if it was "ever developed."

*Deposition of Jack Moseley*

—Moseley was not "part of" the negotiations which resulted in the Whitten subcontract. It was "David."

—The contract between G & D and Whitten was oral. Whitten did not have to "give Chevron any of the subcontractors' charges in order to be paid . . . for this contract."

—Moseley does not recall what Whitten was paid, but thinks "it's 46,000."

—Even though the truck was a "little old," it was "painted good and looked good."

It is obvious these few, detached evidentiary facts are inadequate to prove, without question and as a matter of law, that petitioners, or any one or more of them, are not liable to real parties as claimed under the fifth cause of action. For example, real parties have alleged petitioners knew or should have known of Whitten's defective trucks. However, there is nothing in petitioners' evidence, directly or by reasonable inference, which establishes petitioners did not know Whitten would, and did in fact, use a defective water truck. In this regard, the deposition testimony of Jack Moseley, which is the only evidence pertaining to petitioners' knowledge, simply demonstrates that *he* knew the trucks were old but thought they were "painted good and looked good."[4] This proves nothing about Moseley's, or anyone else's, knowledge concerning the actual mechanical condition of the water truck, Whitten's equipment in general, or Whitten's alleged habit of using defective machinery. Further, it does not establish without question that no other responsible Chevron or G & D employee had such knowledge or had any reason to have such knowledge.

Similarly, to the extent petitioners argue they are not liable because the accident occurred "on a public highway" and off the Chevron jobsite, their submittals fail to unambiguously prove this was the case. The location

---

[4]For purposes of discussion, we will assume the allegation of the first amended complaint that all petitioners were agents of all the others to be sufficient to impute Moseley's knowledge, whatever it was, to G & D and Chevron. (Civ. Code, § 2332.)

identified in the fifth cause of action, "at South 10th Street (also known as 25 Hill Road) 148 feet north of Buena Vista Place," and the location referred to in petitioners' undisputed facts, "on 25 Hill Road," are patently inadequate to identify the spot of the accident as "on a public highway."[5] The remaining evidence in petitioners' papers relevant to this subject shows only that Cobb was hurt while he was "travelling towards" the Jubilian site, while he was "driving from" the Chevron site to the Jubilian site, or while he was "headed away from" the Chevron site. Nothing in this evidence enables us to *conclusively* determine that the truck had "traveled," "driven," or "headed" far enough to in fact be off the Chevron property when the accident happened. Similarly, petitioners' assertion that Cobb was "working on another job" at the time of the accident is not clearly shown. The fact Cobb had been "assigned" to work at the Jubilian project does not establish he was there when the accident occurred. In fact, as noted above, if the petitioners' evidence proves anything, it proves Cobb had not arrived at the Jubilian site. The testimony and declarations recite he was "travelling toward" this project when he was hurt.

Petitioners may not be liable to real parties on the facts and the law relevant to this case. However, they have not shown this to be unquestionably true in their moving papers. ■ In order to obtain summary judgment, petitioners, as the moving defendants, must establish, directly or inferentially,[6] all the facts necessary to entitle them to judgment as a matter of law, without the aid of assumptions or guesswork. In effect, for purposes of section 437c, a moving defendant is statutorily treated as a "plaintiff," and hence must present sufficient facts to make out a prima facie case of *non*liability. If the defendant meets this burden, and if the plaintiff fails to contradict one or more of the material facts upon which the defendant's case of nonliability rests, the defendant will be entitled to the practical equivalent of a statutory "directed verdict." However, if, as here, the defendant's showing is insufficient to satisfy its burden, the trial court must declare a form of statutory "non-suit" and deny the motion.

■ It is immaterial that the few facts offered by petitioners may in reality be all that are available to the parties in the case. While this state of

---

[5]The declaration of George Blair, submitted in opposition to the motion and referred to by petitioners at oral argument, nowhere states that the accident occurred on a public highway. It mentions only the applicable street and road numbers, and describes certain physical characteristics of the particular location.

[6]If the moving party relies on a reasonable inference deducible from direct evidence, the inference must be the only one plausible. Summary judgment cannot be granted on the basis of an inference which is contradicted by another reasonable inference derivable from the same underlying evidence. (§ 437c, subd. (c); *Unjian v. Berman* (1989) 208 Cal.App.3d 881, 889 [256 Cal.Rptr. 478].)

the evidence could have a bearing on whether real parties can prove their case at trial, it is irrelevant to the outcome of a motion under section 437c, where the burden of proof is on the moving defendant, not the responding plaintiff. (*Security Pac. Nat. Bank* v. *Associated Motor Sales* (1980) 106 Cal.App.3d 171, 179 [165 Cal.Rptr. 38].) We concede it is ofttimes difficult, usually time consuming, normally expensive—and, in some instances, even impossible—for a defendant to meet the demands of the statute. As a consequence, certain cases simply may not lend themselves to resolution by way of summary judgment. (*Barnes* v. *Blue Haven Pools* (1969) 1 Cal.App.3d 123, 128 [81 Cal.Rptr. 444].) Nonetheless, the evidentiary impediments faced by a defendant do not lessen or eliminate the burden of proof imposed by the summary judgment law. (*Conn* v. *National Can Corp.*, *supra*, 124 Cal.App.3d at pp. 639-640.) Contrary to petitioners' contention in its motion filed with the trial court, under section 437c the fact the plaintiff may have "no evidence" with which to prove its case, and is therefore likely to be nonsuited at trial, does not warrant entry of summary judgment in favor of the defendant. (*Barnes* v. *Blue Haven Pools*, *supra*, 1 Cal.App.3d at p. 126; 3 Weil & Brown, Cal. Civil Procedure Before Trial (The Rutter Group 1991) ¶ 10.243, p. 10-59.)

 Petitioners have not presented sufficient undisputed facts to absolutely "negative" the liability of any one or more of them for Cobb's injuries. (*Barnes*, *supra*, 1 Cal.App.3d at p. 127.) If the defendant does not properly establish a relevant fact concerning nonliability, neither the trial court nor this court may supply it by assumption. For example, the accident may in reality have taken place on a public highway, thereby perhaps absolving petitioners from liability.[7] Although the parties may know the fact to be empirically true, and although real parties may not intend to dispute it at trial, petitioners did not clearly establish it by admissible evidence. To grant summary judgment nevertheless would reduce the legislative scheme set out in section 437c to irrelevance. It would also deny both sides an aspect of procedural due process in the application of the statute.

To summarize, on the basis of the sparse undisputed facts presented by petitioners in support of their motion, we cannot say with certainty and as a matter of law that the undisputed facts compel a conclusion petitioners, or one or more of them, cannot in any manner be held responsible under the fifth cause of action for Cobb's injuries. On the other hand, from the allegations of the fifth cause of action, in the context of the few evidentiary facts presented in petitioners' moving papers, we can logically hypothesize the existence of a number of consistent scenarios under which real parties might be entitled to recover. (*Molko* v. *Holy Spirit Assn.*, *supra*, 46 Cal.3d at

---

[7]We expressly decline to, and do not therefore, so decide.

p. 1107.) The motion must therefore be denied because the moving parties failed to carry their affirmative burden of proof. (*Conn* v. *National Can Corp.*, *supra*, 124 Cal.App.3d at p. 640.)

II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The petition for writ of mandate is denied. Each party shall bear its own costs and attorneys fees incurred in connection with this proceeding.

Stone (W. A.), Acting P. J., and Buckley, J., concurred.

A petition for a rehearing was denied April 9, 1992, and petitioners' application for review by the Supreme Court was denied May 28, 1992. Panelli, J., was of the opinion that the application should be granted.

*See footnote, *ante*, page 544.