Filed 5/12/15  Foules v. Santa Clara County Fed. Credit Union CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| MARGARETTE FOULES,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SANTA CLARA COUNTY FEDERAL<br>CREDIT UNION,<br><br>    Defendant and Respondent. | H038852<br>(Santa Clara County<br>Super. Ct. No. 1-10-CV184001) |

Margarette Foules appeals from the entry of judgment in favor of respondent Santa Clara County Federal Credit Union (Credit Union).  Foules had sued Credit Union for, among other things, disability discrimination, retaliation and wrongful termination under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12940) and the California Family Rights Act (CFRA) (*id*., § 12945.2).  The matter proceeded to a bench trial and, following the close of Foules' case, Credit Union moved for judgment under Code of Civil Procedure section 631.8.[1]  The trial court granted the motion and issued a statement of decision in which it found Foules had failed to "meet her evidentiary burden of establishing that she suffered a physical disability which limited a major life activity." As the existence of a qualifying disability or serious health condition was an essential element of each of her claims for relief, Foules' failure to present evidence in support of that element was fatal to her case.

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

Acting in propia persona, as she did at trial, Foules argues the trial court erred in: (1) refusing to admit evidence that Credit Union's prior motion for summary adjudication was denied; (2) admitting evidence of her work disciplinary history as well as a prior arrest for "grand theft auto"; (3) allowing the defense to elicit evidence from various defense witnesses; (4) allowing the defense to submit evidence obtained by "expired subpoenas"; (5) denying a pretrial motion to compel discovery from Credit Union; (6) and finding she failed to present sufficient evidence at trial to support her causes of action.

We find no error and shall affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Foules' complaint alleged seven causes of action against Credit Union: (1) disability discrimination; (2) failure to engage in interactive process; (3) failure to accommodate disability; (4) unlawful retaliation (FEHA); (5) wrongful termination (FEHA); (6) wrongful termination (CFRA); and (7) unlawful retaliation (CFRA).

Foules began working at Credit Union in 2004 as a member services representative, a position similar to that of a bank teller. On November 26, 2008, Foules attended a meeting at Credit Union and afterwards began experiencing pain in her back and abdomen. She went to Kaiser Hospital where she was treated and given a prescription. The medical notes from her visit do not indicate she was told she could not return to work.

While at Kaiser she contacted Marisol Carmona, a lead at the branch where Foules worked, and Josh Herzog, the manager on duty.[2] She explained her "condition" to Carmona and told her she would not be returning to work that day nor would she be in on

___

[2] Foules also testified that she called Rachel Moreno and Sarah Littlejohn who apparently were coworkers, but the record does not disclose what positions they held at Credit Union.

2

Saturday, November 29.[3]  Foules asked to speak to Karen Martinez, the branch manager, but Carmona said she was not there.  She gave Foules Martinez' home number, which Foules called.  Martinez did not answer, so Foules left a voicemail message explaining her "medical issues."

Foules then called Herzog, the manager on duty, and told him her back was hurting and she was having stomach pains.  She asked if he could have someone cover her shift on Saturday, which she knew would be a busy day, and Herzog told her "okay."

On December 1, Foules called in sick again as she was still not feeling well.  When she arrived at work on December 2, Marisol Armando[4] came up to her and said Martinez wanted to see a doctor's note.  Foules asked if Martinez had been told she would not be in on the 26th and the 29th, and the coworker said she had passed along that message but that Martinez "was still needing a doctor's note."  Foules sent an e-mail to Martinez, who was not in the branch office that day, advising her she would obtain a doctor's note "as soon as possible."

A day or two later, Anita Daza took Foules aside and asked why she did not call in on Saturday.  Foules said she did speak to Herzog who "confirmed my absence."  Daza asked for a doctor's note, which Foules gave her.  The doctor's note, dated December 4, 2008, read:  "Margarette D. Foules states she has been unable to attend work or school from 11/26/08 to 12/01/08."

On December 8, Martinez called Foules and told her she was being terminated.  Foules asked why she was being fired after she obtained the doctor's note Martinez had requested, and Martinez replied, "You didn't call in, and the doctor's note that you

---

[3] Credit Union was closed on Thursday and Friday, November 27 and 28, for Thanksgiving.

[4] It is not clear from the record if this is a second person Foules worked with also named Marisol, or if she intended to refer to Marisol Carmona in which case she either misspoke or the last name was mistranscribed.

provided was bogus." Martinez told Foules to not go in to the branch, but instead report to the human resources office the next day.

When Foules arrived at human resources on December 9, she told Martinez that Herzog would confirm that she called in. Martinez said that was "irrelevant" and Foules was "already terminated." Martinez said the doctor's note did not reflect a doctor saying Foules was sick, but instead indicated that Foules told the physician she was ill. Martinez gave Foules a written notice, dated December 8, which stated she was being terminated "due to your lack of responsibility and commitment to resolve a pattern of absences." According to the notice, "[m]ost serious is your behavior over the Thanksgiving holiday in failing to follow the branch 'call in' policy despite numerous meeting [*sic*] with management on the procedure."

Foules returned to Kaiser that same day and obtained another note, but Credit Union did not reinstate her.

On cross-examination, Foules was asked if she had a discussion with anyone at Credit Union about a disability or needing accommodation for a disability when she was hired. Foules responded, "I don't know what you are talking about." The trial court then interjected that Foules had not offered any testimony about a disability during her direct examination.

Prior to her cross-examination, the court reminded Foules she had the burden of proof and that "this is your opportunity to tell me anything that you want to, and present your case to me." The court asked Foules if she understood that she had "to prove that the allegations that you are making against the Defendants are true," and Foules replied, "Yes." When asked if she had any further testimony or evidence to offer, Foules responded, "Everything has already been said."

Following cross-examination, the trial court again asked Foules if she would like to offer any testimony on redirect, but Foules said there was nothing else she wanted to say. Foules offered a number of documents into evidence, most of which were admitted.

4

Foules was permitted to provide additional testimony relevant to certain exhibits which the trial court determined were not admissible.

Foules then testified regarding the turmoil she experienced following her termination, stating she slept in her car for six months and experienced severe emotional distress. She was prescribed Zoloft, had trouble sleeping, eating and concentrating.

Prior to Foules resting her case, the trial court allowed several defense witnesses to testify out of order to accommodate their schedules. Following that testimony, Credit Union elected to read excerpts of Foules' deposition testimony and interrogatory responses into the record in lieu of cross-examining her with respect to her claims of emotional distress.

When Foules rested, Credit Union made an oral motion for judgment under section 631.8. Credit Union argued that Foules had failed to present evidence of a qualifying disability under FEHA or a serious health condition as defined by the CFRA.

In its nine-page statement of decision, the trial court first noted that, although it had permitted certain defense witnesses to testify out of order due to scheduling concerns, its decision was "based exclusively on Plaintiff's presentation of her case, including cross-examination." The trial court then reviewed Foules' evidence and testimony in support of her claims, specifically referencing several of the exhibits she introduced at trial, such as the medical records from her visit to Kaiser on November 26, 2008 (Foules' exhibit D), and the two physician's notes dated December 4, 2008 (Foules' exhibit F) and December 9, 2008 (Foules' exhibit H) she provided to Credit Union to excuse her absence from work from November 26 through December 1, 2008.

The statement of decision next outlined each of Foules' seven causes of action. With respect to the first, second and third causes of action (disability discrimination, failure to engage in the interactive process and failure to accommodate), the trial court found Foules had not met her evidentiary burden of "establishing that she suffered from a physical disability which limited a major life activity," as required by FEHA. Instead,

her evidence suggested she "might have had a bladder infection on November 26, 2008, . . . [but] there was no showing that such condition or other cognizable physical disability prevented her from performing her duties at work that day--and certainly not on the subsequent dates that she was also absent from the workplace (November 29, 2008 and December 1, 2008)." The trial court continued, "[a]part from the medical records submitted by Plaintiff--which as discussed above do not adequately support her claims, the court finds that she did not provide cogent or credible testimony about the nature of her alleged disability or any limitations her physical condition may have presented in the workplace."

Turning to her claims of retaliation in violation of FEHA and the CFRA, the statement of decision found that these failed because Foules had not established that Credit Union discriminated against her on the basis of a disability. The trial court noted that Foules' "own evidence established that [Credit Union] had a legitimate basis for its adverse employment action, given her admitted absence from the workplace on multiple dates without providing required medical support for those absences.[5] [Foules] made no evidentiary showing of intentional retaliation."

Finally, the trial court found that Foules had not met her evidentiary burden on her two wrongful termination causes of action because "there was no showing that [Foules] either complained of a disability or that she sought any workplace accommodation. In fact, during cross-examination she expressed some confusion over the notions of 'physical disability' and 'accommodation for a disability,' ultimately responding to a series of straightforward questions about whether she raised these issues with her employer: 'I don't know what you are talking about.' "

_____

[5] "The only doctor's note produced by [Foules] prior to [Credit Union]'s termination letter of December 8, 2008 says merely that 'Margarette D. Foules *states* [s]he has been unable to attend work or school from 11/26/08 through 12/01/08.' (Plaintiff's Trial Exhibit F; emphasis added.)"

6

Having disposed of all seven causes of action, the trial court granted the motion for judgment.

## II.   DISCUSSION

Foules raises multiple claims of error with respect to certain evidentiary rulings regarding documents she submitted at trial, as well as documents and testimony presented by Credit Union.  As discussed below, we find there was no abuse of discretion by the trial court in excluding some of Foules' evidence.  As to the evidence presented by Credit Union, even if it were erroneously admitted, it could not have prejudiced Foules since the trial court considered only her evidence in ruling on the motion for judgment.

### A.   *Foules' evidentiary arguments*[6]

We review the trial court's evidentiary rulings for abuse of discretion, which we will find only where the trial court exceeded the bounds of reason.  (*Shaw v. County of Santa Cruz* (2008) 170 Cal.App.4th 229, 281.)

Foules argues the trial court erred in not admitting into evidence statements made by the hearing officer at her unemployment appeal hearing as well as the trial court's ruling on Credit Union's motion for summary adjudication.  She then contends that the trial court erred by admitting evidence proffered by Credit Union regarding her work disciplinary history and a prior arrest.  Finally, she claims the trial court committed multiple errors in connection with the testimony given by Credit Union's witnesses, such as allowing counsel to ask leading questions, elicit hearsay, etc.

We turn first to the argument that the trial court erred in not admitting evidence regarding hearsay statements made at her unemployment appeal hearing or the trial court's ruling on Credit Union's motion for summary adjudication.  First, Foules could

---

[6] Foules' opening brief appears to have been copied and pasted from various sources, given that the type and size of the font employed changes repeatedly within a single paragraph as well as from paragraph to paragraph.

not introduce evidence from her unemployment insurance appeal in this case, pursuant to Unemployment Insurance Code section 1960.[7]  Second, as to the ruling on Credit Union's motion for summary adjudication, Foules has not shown how that ruling is relevant to the claims she was seeking to establish at trial.  The denial of Credit Union's motion established only that she was entitled to a trial on her claims, it did not alter her burden at trial in any respect.  Accordingly, we find the trial court did not abuse its discretion by not admitting these exhibits.

Foules' second argument is that the trial court erred in admitting "evidence" of her work disciplinary history and a prior arrest, citing pages 79, 80 and 85 of the reporter's transcript.  Those pages of the transcript record Credit Union's opening statement.  Nothing Credit Union's counsel said on these pages counts as evidence,[8] rather "[t]he purpose of the opening statement 'is to prepare the minds of the [trier of fact] to follow the evidence and to more readily discern its materiality, force and effect.' "  (*People v. Green* (1956) 47 Cal.2d 209, 215, overruled on another ground in *People v. Morse* (1964) 60 Cal.2d 631, 648-649; *id.* at p. 637 & fn. 2.)  There was no evidence introduced let alone admitted during the opening statement, and thus there was no error in the trial court listening to Credit Union's statement of the case.

---

[7] Unemployment Insurance Code section 1960 provides:  "Any finding of fact or law, judgment, conclusion, or final order made by a hearing officer, administrative law judge, or any person with the authority to make findings of fact or law in any action or proceeding before the appeals board, shall not be conclusive or binding in any separate or subsequent action or proceeding, *and shall not be used as evidence in any separate or subsequent action or proceeding*, between an individual and his or present or prior employer brought before an arbitrator, court, or judge . . . regardless of whether the prior action was between the same or related parties or involved the same facts."  (Italics added.)

[8] Evidence Code section 140 defines "evidence" to mean "testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact."

The final argument, i.e., that the trial court erred in admitting some of Credit Union's evidence and that reversible errors were made during the direct examination of multiple defense witnesses, is readily addressed. Assuming without deciding that the testimony of Credit Union's witnesses and documentary evidence admitted in connection with their testimony was problematic in any respect, any such errors were necessarily harmless. The statement of decision makes clear that the decision on the motion for judgment was not based on *any* testimony offered by a defense witness. Accordingly, we reject Foules' contention that the judgment must be reversed because defense testimony and documents were improperly admitted.

C.      *Foules' argument regarding a pretrial motion to compel*

Foules argues that she was denied a fair trial because the trial court, on some unspecified date before trial, denied her motion to compel Credit Union to answer certain interrogatories and produce unspecified documents. She contends Credit Union's failure to provide "all . . . proper discovery" was a violation of her due process rights under the Fourteenth Amendment to the United States Constitution.

The clerk's transcript does not include any motion to compel filed by Foules or the order denying that motion. Her brief does not describe the interrogatories Credit Union failed to answer or the documents it failed to produce. It is her burden to provide an adequate record on appeal and the failure to do so means she has waived this argument. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.)

D.      *Motion for judgment*

Foules challenges the trial court's conclusion that she failed to present evidence to support specific elements of her various causes of action. Her arguments are conclusory and fail to directly address the findings set forth in the trial court's statement of decision.

1.      *Standard of review*

Foules contends this court should conduct a de novo review of the trial court's decision below, citing *Chevron U.S.A., Inc. v. Superior Court* (1992) 4 Cal.App.4th 544.

9

However, that case is inapposite as it addresses the denial of a petition for writ of mandate from an order denying a motion for summary judgment. It does not deal with review of a judgment entered following the grant of a motion for judgment under section 631.8.

We review an order granting a defense motion for judgment under section 631.8 in a nonjury trial under the substantial evidence standard. (*Fink v. Shemtov* (2012) 210 Cal.App.4th 599, 608.) Thus, we view the evidence in the light most favorable to the respondent and accept the trial court's factual findings if supported by substantial evidence. (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 630-631.)

### 2. Section 631.8

Section 631.8, subdivision (a), provides: "After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment." In ruling on a motion for judgment under the statute, "[t]he court may consider all evidence received, provided, however, that the party against whom the motion for judgment has been made shall have had an opportunity to present additional evidence to rebut evidence received during the presentation of evidence deemed by the presenting party to have been adverse to him, and to rehabilitate the testimony of a witness whose credibility has been attacked by the moving party." (*Ibid.*)

### 3. Analysis

In order to prevail on her FEHA causes of action for disability discrimination, failure to engage in the interactive process and failure to make a reasonable accommodation, Foules had to establish that she had a "physical disability" as defined by

10

Government Code section 12926, subdivision (m)(1).[9] She failed to do so. She presented evidence that she had lower back and abdominal pain, went to the hospital for treatment of what was diagnosed as cystitis and obtained two prescriptions (an antibiotic and a pain reliever). Foules did not testify that she was directed by a physician not to return to work that day or to remain home from work for any period of time. She did not offer any expert testimony to support her contention that the medical condition for which she sought treatment that day precluded her from working during the period in question. Accordingly, the trial court properly found that Foules had not presented evidence to support an essential element of these three causes of action.

To prevail on her retaliation causes of action, Foules would have to show that Credit Union terminated her in retaliation for her engaging in a protected activity. (Gov. Code, §§ 12940, subd. (h), 12945.2, subd. (l)(1).) As discussed above, she failed to present evidence to show that she had a qualifying physical disability and thus could not have been engaged in a protected activity under FEHA. As to her CFRA retaliation claim, she presented no evidence to show that she had a "serious health condition"[10] and thus could be engaged in protected activity under that statute either. Thus, Credit Union's termination could not be deemed retaliatory under either FEHA or the CFRA.

Finally, to prevail on her claims of wrongful termination Foules had to present evidence of a nexus between her termination and her protected activity. Again, without evidence that she suffered from a physical disability as defined by FEHA or a serious

---

[9] "Physical disability" includes, among other conditions, "any physiological disease, disorder, [or] condition" (Gov. Code, § 12926, subd. (m)(1)) that affects a body system and "[l]imits a major life activity." (*Id*., subd. (m)(1)(B).) "Major life activities" include "working." (*Id*., subd. (m)(1)(B)(iii).)

[10] " 'Serious health condition' means an illness, injury, impairment, or physical or mental condition that involves either of the following: (A) *Inpatient* care in a hospital, hospice, or residential health care facility. (B) Continuing treatment or continuing supervision by a health care provider." (Gov. Code, § 12945.2, subd. (c)(8), italics added.)

health condition as defined by CFRA, or any evidence that she informed Credit Union of any such condition, she could not establish that she was engaged in a protected activity under either statute. Consequently, Foules' termination could not have been in violation of public policy.

E.     *Labor Code section 132*

In her opening brief, Foules argues that she was "eligible for benefits under California Labor Code Section 132(A), and [t]he Superior Court had the judicial authority to advise [her] of her rights under this Section."

Foules' complaint does not plead a cause of action under Labor Code section 132. We find no reference in the record below to this statute or any other provision of the Labor Code. This theory was not pleaded below, nor was it argued before the trial court at any time. It is well-established that an appellant cannot change the theory of recovery or relief on appeal. (*Cinnamon Square Shopping Center v. Meadowlark Enterprises* (1994) 24 Cal.App.4th 1837, 1844.) Since Foules never alleged or presented evidence in the trial court tending to show she is entitled to relief under the Labor Code, she has no right to argue it here. (*Hepner v. Franchise Tax Bd.* (1997) 52 Cal.App.4th 1475, 1486.)

## III.     DISPOSITION

The judgment is affirmed. Santa Clara County Federal Credit Union shall recover its costs on appeal.

 

_____

                                    Premo, J.

WE CONCUR:

_____

     Rushing, P. J.

_____

      Elia, J.

<u>Foules v. Santa Clara County Federal Credit Union</u>
H038852