[No. A066817. First Dist., Div. Five. Aug. 23, 1995.]

WILLIAM HUNTER, Plaintiff and Appellant, v.
PACIFIC MECHANICAL CORPORATION, Defendant and Respondent.

1284

COUNSEL

Brayton, Gisvold & Harley and Philip A. Harley for Plaintiff and Appellant.

Clapp, Moroney, Bellagamba, Davis & Vucinich, Christopher W. Wood, Marc H. Baer and Steven W. Ritcheson for Defendant and Respondent.

OPINION

**KING, J.**—In this case we hold that recent statutory amendments adopted the burden-shifting characteristics of federal law for California summary judgment motions.

William Hunter has sued multiple defendants, including asbestos manufacturers, asbestos installers, premises owners and others, alleging injuries resulting from his occupational exposure to asbestos. The court granted summary judgment for one of the defendants, Pacific Mechanical Corporation (PMC), based on an absence of evidence supporting Hunter's allegation that he was exposed to asbestos-related activities engaged in by PMC at various jobsites. The principal issue is whether the trial court applied an improper standard in granting PMC's motion for summary judgment. We conclude that under the recent amendments to Code of Civil Procedure section 437c[1], the trial court correctly analyzed the issues and properly awarded PMC summary judgment.

*Facts and Procedural History*

This case arises out of alleged asbestos-related injuries sustained by Hunter as a result of his coming into contact with asbestos from 1950 through 1992. During this time frame, Hunter worked as a bricklayer at various jobsites, including refineries, around the Bay Area. PMC is a contractor that is alleged to have supplied, installed, and/or removed asbestos-containing products at the same jobsites where Hunter was working.

[1]All statutory references are to the Code of Civil Procedure.

Hunter contends he worked in close proximity to PMC employees, and in doing so was exposed to asbestos and asbestos-containing products.

In his lawsuit, Hunter alleged the following causes of action against PMC: negligence, strict liability, negligent infliction of emotional distress, false representation and loss of consortium. Each cause of action is based on the premise that Hunter came into contact with asbestos or an asbestos-based product through PMC's activities, which exposure resulted in his contracting asbestos-related pleural disease.

After discovery closed and trial was fast approaching, PMC filed a motion for summary judgment. In support of its motion, PMC principally relied on Hunter's deposition testimony that he was not familiar with PMC and that he could not recall ever working in the same area with PMC employees. PMC argued that Hunter had made a factually unsupported claim because "there is no evidence that PMC was even at the same job sites as plaintiff. If PMC was not at the same job site, let alone right next to plaintiff at the same job site, it could not have been responsible for plaintiff's alleged exposure to asbestos. Clearly, by failing to show any nexus between the activities of plaintiff and PMC, he cannot establish that PMC breached any alleged duty it may have owed him." In opposition to summary judgment, Hunter offered evidence demonstrating that there was an overlap in work sites during various time frames, suggesting that it was possible that he could have been present at the same jobsite as PMC employees.

The trial court granted PMC's motion for summary judgment, reasoning that "Defendant has shown, through the deposition of plaintiff, that plaintiff cannot establish liability on defendant's behalf and plaintiff has submitted no facts to refute this."

*Applicable Legal Standards for Granting Summary Judgment*

Summary judgment is granted when there is no triable issue as to any material fact and the moving party is entitled to judgment as a matter of law. (§ 437c, subd. (c).) We review the trial court's decision to grant PMC summary judgment de novo. (*City of South Pasadena* v. *Department of Transportation* (1994) 29 Cal.App.4th 1280, 1288 [35 Cal.Rptr.2d 113].)

In reviewing this summary judgment, we are governed by the 1993 amendments to section 437c, which became effective on January 1, 1994, shortly before PMC's summary judgment motion was heard and granted. PMC's burden, as the defendant on summary judgment, could be met only by showing "that one or more elements of the cause of action . . . *cannot be*

*established,* or that there is a complete defense to that cause of action." (§ 437c, subd. (o)(2), italics added.)[2] Once the defendant has met that burden, the burden shifts to the plaintiff to show "that a triable issue of one or more material facts exists as to that cause of action . . . ." (§ 437c, subd. (o)(2).) The plaintiff may not rely upon the mere allegations of its pleadings to show that a triable issue of material fact exists but, instead, "shall set forth the specific facts showing that a triable issue of material fact exists as to that cause of action." (§ 437c, subd. (o)(2).) The motion for summary judgment "shall be granted if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (§ 437c, subd. (c).)

■    PMC argues that the recent legislative reform of California's summary judgment statute signals a move toward the federal standard governing burden of proof on summary judgment motions. The federal view is codified in Federal Rules of Civil Procedure, rule 56, as interpreted in *Celotex Corp.* v. *Catrett* (1986) 477 U.S. 317 [91 L.Ed.2d 265, 106 S.Ct. 2548] and its progeny. In *Celotex,* the Supreme Court recognized that the moving party always bears the initial burden of establishing the absence of a genuine issue of material fact. (*Id.* at p. 323 [91 L.Ed.2d at pp. 273-274].) However, if the nonmoving party bears the burden of proof on an issue at trial, the moving party *need not support its summary judgment motion with evidence negating an ,essential element of the nonmoving party's case* to satisfy its burden. (*Ibid.*) The moving party may simply point to the *absence of evidence* to support the nonmoving party's case. (*Ibid.*) The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." (*Anderson* v. *Liberty Lobby, Inc.* (1986) 477 U.S. 242, 256 [91 L.Ed.2d 202, 216-217, 106 S.Ct. 2505].) This can be accomplished by producing "specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." (*Bhan* v. *NME Hospitals, Inc.* (9th Cir. 1991) 929 F.2d 1404, 1409, cert. den., 502 U.S. 994 [116 L.Ed.2d 638, 112 S.Ct. 617].) If the evidence is "merely colorable" or is "not significantly probative," summary judgment shall be granted. (*Anderson, supra,* 477 U.S. at pp. 249-250 [91 L.Ed.2d at pp. 212-213].) A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. (*Celotex, supra,* 477 U.S. at p. 323 [91 L.Ed.2d at pp. 273-274].)

A recent California decision exhaustively analyzes the legislative history of the 1992 and 1993 amendments to section 437c, and concludes the

---

[2]This language was first inserted in the summary judgment law in the 1992 amendment to former section 437c appearing at subdivision (n)(2). (Stats. 1992, ch. 1348.) The 1993 legislation moved this language, without modification, from section 437c, subdivision (n)(2) to subdivision (o)(2).

Legislature intended that the burden-shifting characteristics of the federal procedure be applied to California summary judgment motions. The court set out the following framework signaling a new era in summary judgment practice in California: "Now, a moving defendant may rely on factually devoid discovery responses to shift the burden of proof pursuant to section 437c, subdivision (o)(2). Once the burden shifts as a result of the factually devoid discovery responses, the plaintiff must set forth the specific facts which prove the existence of a triable issue of material fact. The express language of the 1992 and 1993 amendments and the judicially noticed legislative history demonstrate the foregoing was intended by the Legislature." (*Union Bank* v. *Superior Court* (1995) 31 Cal.App.4th 573, 590 [37 Cal.Rptr.2d 653]; accord, *Villa* v. *McFerren* (1995) 35 Cal.App.4th 733 [41 Cal.Rptr.2d 719]. For a further discussion of this subject, including the burden shifting where the plaintiff moves for summary judgment, see Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1995) §§ 10:233-10.267, rev. #1, 1995, pp. 10-66 to 10-77.) While the Supreme Court has not definitely spoken on the effect of the 1992 and 1993 amendments on California summary judgment practice, we note that *Union Bank* was denied review by the high court on March 23, 1995.

Hunter urges us not to follow *Union Bank*'s lead in moving toward the federal direction and, instead, to continue to require a defendant as the moving party to affirmatively disprove an essential element of the plaintiff's allegations in order to show entitlement to summary judgment. (See, e.g., *Barnes* v. *Blue Haven Pools* (1969) 1 Cal.App.3d 123, 127 [81 Cal.Rptr. 444].) In doing so, he relies on evidence of legislative intent considered and found unpersuasive in *Union Bank*. (See *Union Bank* v. *Superior Court*, *supra*, 31 Cal.App.4th at p. 590, fn. 9.) We choose not to reanalyze the identical issues and arguments that were meticulously addressed and rejected in *Union Bank*, the same court which decided *Barnes*. We find *Union Bank* to be persuasive in considering the effect of the 1992 and 1993 amendments on section 437c and we review the trial court's grant of summary judgment in the instant case using the standards set out therein.

At oral argument Hunter argued that the practical effect of our endorsement of *Union Bank* would be to permit summary judgment motions to be disguised discovery without the protections against misuse provided in the federal system, including allowing the responding party sufficient time to carry out discovery to meet the heightened burden imposed. We reject Hunter's contentions. The change is not disguised discovery but simply places the burden of demonstrating there is a triable issue of material fact on the party who bears the burden of proof of that fact at trial. It appears that

section 437c, subdivision (h) bestows adequate discretion on the court to permit additional discovery, if necessary, by continuing or denying the motion, or making any other order it deems just. If more protection is required, that argument should be addressed to the Legislature.

These contentions are red herrings in this case. The trial court continued the motion to permit additional discovery which did not justify denial of the motion. Additionally, the motion for summary judgment was not brought until just before trial and 18 months after the answer to the complaint was filed, so Hunter cannot complain that the motion was granted before he had enough time to carry out discovery.

*Overview*

Because our review of this case differs in significant respects from historical summary judgment review in California, we set out the new framework, as endorsed by *Union Bank,* in the context of the facts before us. ■ In order to sustain its burden as the moving party on summary judgment, PMC was not required to come forward with evidence of its own to affirmatively demonstrate that Hunter could not have been exposed to asbestos as a result of PMC's activities. Rather, it was enough to show through factually vague discovery responses that Hunter lacked any significant probative evidence on the critical element of causation. In other words, PMC could effectively show that the element of causation "cannot be established" by pointing to an *absence of evidence* to support this element. (§ 437c, subd. (o)(2).) Once PMC met its burden, the burden would then shift to Hunter to come forward with evidence necessary to prove a triable issue of material fact existed with regard to the element of causation.

*Analysis*

■ Under recent Court of Appeal authority, a plaintiff in a case alleging asbestos-related injury has the burden of proving that "there [is] a reasonable medical probability based upon competent expert testimony that the defendant's conduct contributed to plaintiff's injury." (*Lineaweaver* v. *Plant Insulation Co.* (1995) 31 Cal.App.4th 1409, 1416 [37 Cal.Rptr.2d 902], fn. omitted.) The court further observed that many factors are relevant in assessing the medical probability that an asbestos exposure was a "substantial factor" in causing the plaintiff's disease, including "[f]requency of exposure, regularity of exposure, and proximity of the asbestos product to plaintiff . . . although these considerations should not be determinative in every case." (*Id.* at p. 1416.)

The foregoing principles were recently applied in the context of a plaintiff, like Hunter, who claimed to have been injured by being exposed to

asbestos-related activities conducted by others. In *Smith* v. *ACandS, Inc.* (1994) 31 Cal.App.4th 77 [37 Cal.Rptr.2d 457], the court found that, as a matter of law, the prevailing plaintiff failed to adduce sufficient evidence to sustain the jury verdict. The court chronicled the evidence demonstrating the causal connection between plaintiff's asbestos-related injury and ACandS's asbestos-related activities and determined the evidence "was circumstantial, based largely on evidence that [plaintiff] and ACandS were employed at the same job sites." (*Id.* at p. 85.) The court noted there was no competent evidence of the exact dates that ACandS was present at plaintiff's work site, there was no evidence that the plaintiff worked in the vicinity of ACandS's activities, nor was there evidence that he inhaled asbestos fibers created by ACandS workmen. The court overturned the verdict as being based upon "rank speculation, not reasonable inferences," and noted that "even under the most lenient causation standards, there must be proof that the defendant's asbestos products or activities were present at plaintiff's work site. [Citation.]" (*Id.* at p. 89.)

In moving for summary judgment, PMC relied upon Hunter's deposition testimony establishing that he was personally unaware of PMC's activities at any of the jobsites in which he worked. Under the new relaxed California standard, pointing out this absence of proof on the critical element of causation was sufficient to shift the burden to Hunter to establish a triable issue of fact that PMC's activities were a substantial factor in causing his asbestos-related injuries. Under the holding in *ACandS*, the mere fact that PMC was potentially present at Hunter's work site was insufficient to create a triable issue of fact regarding the causal link between Hunter's asbestos-related disease and PMC's activities. Instead, Hunter had to produce facts tending to show that PMC's asbestos-related activities occurred with sufficient frequency and regularity in locations from which asbestos fibers could have traveled to Hunter's work area so that it was a reasonable medical probability that the exposure to PMC's asbestos-related activities was a substantial factor in causing Hunter's injuries.

Our review of all of the evidence before the court on summary judgment convinces us that Hunter has failed to present facts sufficient to demonstrate a material issue of fact as to whether there was "a sufficient factual nexus between the negligent conduct and the injury" as required by California law. (*Lineaweaver* v. *Plant Insulation Co., supra,* 31 Cal.App.4th at p. 1414.) Hunter's reply failed to provide any evidence as to regularity or nature of contact with PMC's asbestos-related activities. Since the entire record indicates only that PMC employees might have been present in Hunter's workplace during different time frames, it offers only speculation and conjecture.

After being given ample time to conduct discovery, Hunter has provided no evidence with respect to the time, location and actual circumstances of his exposure to PMC's asbestos-related activities. Consequently, there is no genuine factual dispute for jury resolution and summary judgment was warranted.

The judgment is affirmed.

Peterson, P. J., and Haning, J., concurred.

Appellant's petition for review by the Supreme Court was denied November 16, 1995.