[No. F023123. Fifth Dist. Feb. 29, 1996.]

CARL H. BRANTLEY, Plaintiff and Appellant, v.
FRANK R. PISARO, Defendant and Respondent.

COUNSEL

Dennis W. Dunn for Plaintiff and Appellant.

Curtis & Arata and Jack M. Jacobson for Defendant and Respondent.

## OPINION

**DIBIASO, J.**—The trial court granted the motion for summary judgment filed by respondent Frank R. Pisaro and thereafter entered judgment dismissing the action brought by appellant Carl H. Brantley. We will reverse. We will conclude that a defendant moving for summary judgment (or summary adjudication) under Code of Civil Procedure[1] section 437c, as amended in 1992 and 1993, may still show the plaintiff's cause of action has no merit by demonstrating that the undisputed facts negate the existence of one or more essential elements of the cause of action.

### PROCEDURAL FACTS

Appellant Carl H. Brantley filed his action for damages for personal injuries on July 16, 1993. Appellant's complaint contained a single cause of action for negligence. In relevant part, the complaint stated that on or about June 1, 1992: "while [appellant] was descending a stairway located at 5874 Arbolada Drive, LaGrange, California, the railing of the stairway pulled away from the wall to which it was attached, causing [him] to fall and sustain serious injuries."

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise indicated.

Respondent Frank R. Pisaro was alleged to have "negligently owned, maintained, managed and operated" the premises located at 5874 Arbolada Drive, LaGrange, California.

On April 13, 1994, respondent filed and served a motion for summary judgment with supporting papers and argument. Respondent claimed appellant's lawsuit had no merit and there did not exist a triable issue of fact. Appellant filed papers in opposition to the motion.

The hearing on respondent's motion for summary judgment was held on August 8, 1994. The trial court granted the motion by written order on November 10, 1994. In its order, the trial court found in relevant part: "there are no facts which would support a disputed issue as to whether or not there was a dangerous or defective condition and that [respondent] either created the condition or had notice of that condition." The judgment from which appellant takes this appeal was entered on December 2, 1994.[2]

DISCUSSION

I.

Section 437c was amended in 1992 and 1993.[3] The amended statute provides in part that a defendant moving for summary judgment or summary adjudication "has met his or her burden of showing that a cause of action has no merit if that party has shown that one or more elements of the [plaintiff's] cause of action . . . *cannot be established* . . . ." (§ 437c, subd. (o)(2); *Union Bank* v. *Superior Court, supra,* 31 Cal.App.4th at p. 585, italics added.)[4] Once the moving defendant has satisfied this obligation, the burden shifts to the plaintiff to demonstrate a triable issue of material fact as to the existence of the element or elements challenged by the defendant. (§ 437c, subd. (o)(2); *Union Bank* v. *Superior Court, supra,* 31 Cal.App.4th at pp. 583, 590.) To do so, the plaintiff may not rely upon the "mere allegations . . . of its pleadings" and instead must show by "specific facts" that the requisite triable issue of material fact is present. (§ 437c, subd. (o)(2).)

The revision of section 437c overruled *Barnes* v. *Blue Haven Pools* (1969) 1 Cal.App.3d 123, 127 [81 Cal.Rptr. 444], insofar as it held that a

---

[2]Appellant also filed a motion for reconsideration (§ 1008) of the trial court's order granting summary judgment. The motion for reconsideration was denied. Appellant does not raise any issue on appeal with respect to this ruling by the trial court.

[3]For an extensive description of these amendments and the relevant legislative history, see *Union Bank* v. *Superior Court* (1995) 31 Cal.App.4th 573, 583-590 [37 Cal.Rptr.2d 653].

[4]Section 437c, subdivision (o)(2) also authorizes a defendant to move for summary judgment on the ground that "there is a complete defense" to the plaintiff's cause of action. We will not consider this provision, or its predecessors if any, in this opinion, nor will we address a moving defendant's obligations under section 437c with respect to any issue as to which such defendant would bear the burden of proof at trial.

defendant seeking a summary judgment was required to " 'negative the matters which the resisting party would have to prove at the trial.' " (*Union Bank* v. *Superior Court, supra,* 31 Cal.App.4th at pp. 582, 587-588.) Thus, a defendant is no longer compelled to *disprove* an essential element of the plaintiff's cause of action in order to obtain a summary judgment, as was the case before advent of the amendments (see, e.g., *Do It Urself Moving & Storage, Inc.* v. *Brown, Leifer, Slatkin & Berns* (1992) 7 Cal.App.4th 27, 38 [9 Cal.Rptr.2d 396]; *Chevron U.S.A., Inc.* v. *Superior Court* (1992) 4 Cal.App.4th 544, 548 [5 Cal.Rptr.2d 674]). As succinctly explained by the court in *Union Bank* v. *Superior Court, supra,* 31 Cal.App.4th at page 590, the 1992 and 1993 amendments, and their underlying legislative history, disclosed an intent "that the burden-shifting characteristics of rule 56 of the Federal Rules of Civil Procedure . . . were to be applied to California summary judgment motions when a defendant relied on a plaintiff's factually inadequate discovery answers to seek summary judgment. Now, a moving defendant may rely on factually devoid discovery responses to shift the burden of proof pursuant to section 437c, subdivision (o)(2)." (See also *Hagen* v. *Hickenbottom* (1995) 41 Cal.App.4th 168, 184-185 [48 Cal.Rptr.2d 197]; *Hunter* v. *Pacific Mechanical Corp.* (1995) 37 Cal.App.4th 1282 [44 Cal.Rptr.2d 335]; *Villa* v. *McFerren* (1995) 35 Cal.App.4th 733 [41 Cal.Rptr.2d 719].)[5]

In *Union Bank* v. *Superior Court, supra,* 31 Cal.App.4th 573, the defendant backed its motion for summary judgment with the plaintiff's answers to requests to admit and interrogatories. (*Id.* at pp. 577-578.) The defendant's interrogatories asked the plaintiff to state all facts and to identify all witnesses and documents which supported the plaintiff's cause of action for fraud. (*Id.* at p. 578.) The plaintiff replied only that he "believe[d]" the defendant "knowingly and fraudulently" committed certain allegedly deceitful acts. (*Ibid.*)

The Court of Appeal held these "factually devoid" discovery responses were enough to meet the defendant's obligation under section 437c, subdivision (o)(2), to show "that one or more of the elements of the cause of action cannot be established." (*Union Bank* v. *Superior Court, supra,* 31 Cal.App.4th at p. 590.) Consequently, the burden had been shifted to the plaintiff to proffer admissible evidence which disclosed the existence of a triable factual issue about whether the defendant committed the alleged fraud. (*Id.* at p. 593.)

[5]The trio of United States Supreme Court opinions which provide the present authoritative construction of rule 56 of the Federal Rules of Civil Procedure (28 U.S.C.) is *Celotex Corp.* v. *Catrett* (1986) 477 U.S. 317 [91 L.Ed.2d 265, 106 S.Ct. 2548]; *Anderson* v. *Liberty Lobby, Inc.* (1986) 477 U.S. 242 [91 L.Ed.2d 202, 106 S.Ct. 2505]; and *Matsushita Electric Industrial Co.* v. *Zenith Radio Corp.* (1986) 475 U.S. 574 [89 L.Ed.2d 538, 106 S.Ct. 1348].

We are not presented here with the same circumstances faced by the court in *Union Bank*. Respondent does not rely upon asserted factually insufficient discovery responses by appellant to support the motion. ▮ Instead, respondent contends, as he argued in the trial court, that appellant's cause of action for negligence "cannot be established" as a matter of law (§ 437c, subd. (o)(2)) because the relevant undisputed facts prove: (1) there was "no dangerous condition of the stairway" and (2) "even if such a condition existed [respondent] did not have notice of that condition." In other words, respondent maintains he has "disproved" two essential elements of appellant's claim. For his part, appellant contends the trial court erred in granting the motion for summary judgment because respondent's evidence did not eliminate all possible theories of recovery available to appellant under the broad allegations of the complaint; this argument was made often, and often made successfully, by plaintiffs prior to the 1992 and 1993 amendments to section 437c. (See, e.g., *Chevron U.S.A., Inc.* v. *Superior Court, supra*, 4 Cal.App.4th at p. 548; *Pultz* v. *Holgerson* (1986) 184 Cal.App.3d 1110, 1117 [229 Cal.Rptr. 531]; *Barnes* v. *Blue Haven Pools, supra*, 1 Cal.App.3d at p. 127.)

▮ The question before us therefore is whether a defendant who moves for summary judgment under section 437c, subdivision (o)(2), as it now reads may still shift the burden of producing evidence of a triable issue of fact to the plaintiff by the tactic of negating or "disproving" a necessary element of the plaintiff's cause of action.[6] We believe the answer is yes. We find nothing in the legislative history of the 1992 and 1993 amendments which suggests the Legislature desired to tamper with this preexisting stratagem or withdraw it entirely from a defendant's section 437c repertoire. In fact, a portion of the history underlying the 1992 legislation provides some support for the proposition the Legislature intended to retain the option intact for moving defendants. A report prepared by the Assembly Committee of the Floor Coordinator explains the purpose of the bill (Assem. Bill No. 2616) as in part "providing that a defendant has shown that its motion for summary judgment or summary adjudication shall be granted if the defendant . . . negates an element of the plaintiff's cause(s) of action . . . ." (Assem. Floor Coordinator Rep. on Assem. Bill No. 2616 (Aug. 25, 1992) p. 2; see *Union Bank* v. *Superior Court, supra*, 31 Cal.App.4th at p. 586.)

In addition, the phrase "cannot be established" was not new to section 437c in 1992. It first appeared in 1990, and was then placed in subdivision (f), which dealt only with motions for summary adjudication. (See *City of Emeryville* v. *Superior Court* (1991) 2 Cal.App.4th 21, 25 [2 Cal.Rptr.2d

---

[6]This subject was not considered by the court in *Union Bank*. (*Union Bank* v. *Superior Court, supra*, 31 Cal.App.4th at p. 592.)

826].) Other than limit the issues for which summary adjudication was available, the 1990 legislation was not intended to change existing summary judgment law. (*Ibid.*) We are unaware of any authority which absolved a defendant who moved for summary adjudication after the effective date of this addition and before the effective date of the 1992 amendments from satisfying the same burden applicable to a motion for summary judgment— that the evidence presented in support of the motion be sufficient to disprove as a matter of law an essential element of the cause of action. Thus, permitting a defendant to negate an element of the plaintiff's cause of action by affirmative evidence under the "cannot be established" standard now found in subdivision (o)(2) of section 437c does nothing more than entitle a defendant to do what he or she was entitled to do before 1992 under the same language. Nor is it inconsistent with the words themselves. A cause of action "cannot be established" if the undisputed facts presented by the defendant prove the contrary of the plaintiff's allegations as a matter of law.

Finally, the option of negating an element of the plaintiff's case is available to a moving defendant under Federal Rules of Civil Procedure, rule 56. (*Celotex Corp.* v. *Catrett, supra,* 477 U.S. at p. 327 [91 L.Ed.2d at p. 276]; *First American Bank & Trust* v. *Texas Life Ins. Co.* (5th Cir. 1994) 10 F.3d 332, 334 ["Summary judgment should be granted where the moving party presents evidence which negates any essential element of the opposing party's claim or where any essential element is without factual support."]; see also *Russell* v. *Acme-Evans Co.* (7th Cir. 1995) 51 F.3d 64, 67 [Defendant's motion supported by affidavits containing affirmative evidence establishing nondiscriminatory reasons for employment actions which gave rise to the plaintiff's action under 42 U.S.C. § 2000e et seq.]; see generally, Schwarzer et al., *The Analysis and Decision of Summary Judgment Motions* (1991) 139 F.R.D. 441, 478.)[7] If California summary judgment law has indeed been legislatively moved "toward the federal direction" (*Hunter* v. *Pacific Mechanical Corp., supra,* 37 Cal.App.4th at p. 1287), it would be a strange twist of statutory construction to decide that the Legislature's express intention to incorporate into section 437c one of the burden-shifting characteristics of Federal Rules of Civil Procedure, rule 56 had the effect of

---

[7]The authors of the excellent monograph found at 139 F.R.D. 441 describe the burden imposed by Federal Rules of Civil Procedure, rule 56 upon a moving party who does not bear the burden of proof at trial on the issue raised by the motion for summary judgment as follows: "The showing required depends on the thrust of the motion. If the motion asserts that the opponent lacks proof to establish a requisite element of its case . . . the movant must show the absence of facts, usually by producing relevant excerpts from the opponent's discovery responses, supplemented as needed by affidavits. If the motion purports to negate an essential element of the nonmovant's case . . . a more elaborate showing on affidavits may be necessary." (Schwarzer et al., *The Analysis and Decision of Summary Judgment Motions, supra,* 139 F.R.D. 441, 478.)

implicitly rejecting what is both the other burden-shifting characteristic of federal rule 56 and a long- established principle of California summary judgment jurisprudence. (Cf. *Rideout Hospital Foundation, Inc.* v. *County of Yuba* (1992) 8 Cal.App.4th 214, 221 [10 Cal.Rptr.2d 141] [an intention to legislate by implication is not to be presumed].)[8]

Therefore, we conclude that a moving defendant now has two means by which to shift the burden of proof under subdivision (o)(2) of section 437c to the plaintiff to produce evidence creating a triable issue of fact. The defendant may rely upon factually insufficient discovery responses by the plaintiff to show that the plaintiff cannot establish an essential element of the cause of action sued upon. (*Union Bank* v. *Superior Court, supra*, 31 Cal.App.4th at p. 590.) Alternatively, the defendant may utilize the tried and true technique of negating ("disproving") an essential element of the plaintiff's cause of action. (*Chevron U.S.A., Inc.* v. *Superior Court, supra*, 4 Cal.App.4th at pp. 552-553.)[9]

Our conclusion is implicitly confirmed by several recent California appellate opinions. In *FSR Brokerage, Inc.* v. *Superior Court* (1995) 35 Cal.App.4th 69, 73 [41 Cal.Rptr.2d 404], a personal injury and wrongful death action, the appellate court did not identify the nature of the evidence which supported the original motion but did note that other defendants who later joined in the motion relied upon a declaration to establish nonliability to the plaintiffs. (*Id.* at p. 71.) The appellate court held the moving defendants satisfied their burden of showing the plaintiff's claim could not "be established" by demonstrating through affirmative evidence that the defendants owed no duty to the plaintiffs or the decedents which could give rise to any liability as a matter of law. (*Id.* at p. 73.) Put another way, the defendant's evidence "disproved" an essential element of the plaintiff's cause of action for wrongful death—the existence of a duty owed the defendant. The plaintiff's failure to offer any evidence creating a triable issue of fact required affirmance of the trial court's order granting the defendants' motion. (*Id.* at pp. 73-75.)

Another example is *Jambazian* v. *Borden* (1994) 25 Cal.App.4th 836 [30 Cal.Rptr.2d 768], in which the plaintiff sued the defendant surgeon for

---

[8]We do not mean to imply or hold that California summary judgment law is now in all respects consistent with federal summary judgment law. We only hold that section 437c, in common with Federal Rules of Civil Procedure, rule 56, permits a moving defendant to satisfy his or her initial burden of proof by negating an essential element of the plaintiff's cause of action.

[9]Counsel for the moving defendant would obviously be wise to assist the trial court in this endeavor by making abundantly clear, early in the moving papers, the approach selected by the defendant.

medical malpractice, based upon negligence and lack of informed consent with respect to the increased risk posed by surgery upon a diabetic. In partial support for his motion for summary judgment, the defendant presented qualified opinion evidence that he had met the relevant standard of care and that the plaintiff did not suffer from diabetes. (*Id.* at p. 841.) In opposition, the plaintiff offered only his own declaration stating he was a diabetic. (*Id.* at p. 842.) The defendant objected to the admissibility of this testimony by the plaintiff.

The Court of Appeal affirmed the judgment in favor of the defendant. The court found the defendant's properly qualified opinion evidence that the plaintiff was not diabetic was sufficient to prove the defendant had no duty to explain to the plaintiff the risks of surgery on a diabetic. The court therefore concluded the defendant had successfully shifted the burden of proof under section 437c to the plaintiff. (*Jambazian* v. *Borden, supra*, 25 Cal.App.4th at p. 846.)[10] Because the plaintiff's declaration claiming he had diabetes was inadmissible lay opinion about a medical condition, the appellate court held that the plaintiff had failed to raise a triable issue about whether he in fact suffered from the affliction and thus that the trial court did not err in granting the defendant's motion. (*Id.* at p. 846.)

In both *FSR Brokerage, Inc.* and *Jambazian*, the moving defendants did not rely upon factually insufficient discovery responses by the respective plaintiffs to demonstrate the plaintiffs could not establish the existence of a duty. The moving defendants rather relied upon affirmative evidence contained in declarations they supplied which proved just the opposite, that is, the absence of a duty.

Also of significance on this point is *Villa* v. *McFerren, supra*, 35 Cal.App.4th at page 749. In *Villa*, the plaintiff's cause of action was one for conspiracy between the defendant and the plaintiff's disability insurer. The defendant moved for summary judgment; in support of his motion he relied upon the plaintiff's deposition testimony that he was personally unaware of any communications between the defendant and the disability insurer. (*Id.* at p. 739.)

The appellate court held the defendant's evidence was inadequate to show that the plaintiff could not establish his claim and therefore the burden of

---

[10]The defendant's motion for summary judgment in *Jambazian* was heard after the 1992 amendments to section 437c had become effective but before the 1993 amendments became effective. (*Jambazian* v. *Borden, supra*, 25 Cal.App.4th at pp. 843-844.) Under the 1992 legislation, the provisions now found in subdivision (o)(2) of section 437c were located in subdivision (n)(2) of the statute. The 1993 legislation transferred the contents of subdivision (n)(2) to subdivision (o)(2) without change in the text. (*Union Bank* v. *Superior Court, supra*, 31 Cal.App.4th at p. 583.)

proof under section 437c, subdivision (o)(2), was not shifted to the plaintiff. (*Villa* v. *McFerren*, *supra*, 35 Cal.App.4th at p. 749.) As explained by the court, the fact the plaintiff did not personally know of any communications between the alleged coconspirators did not mean such communications did not exist because there was "no basis for believing [the] plaintiff would have been present during those communications." (*Id.* at p. 748.)[11] Commenting on the use of the plaintiff's deposition testimony to support a motion for summary judgment, the *Villa* court said: "None of the foregoing is to say that deposition responses may never shift the burden of proof in connection with a summary judgment motion. In fact, the summary judgment law explicitly recognizes deposition transcripts are admissible (§ 437c, subd. (b)) and decisional authority upholds their use to shift the burden of proof and grant such a motion. [Citations.] *For example, in the present case, had plaintiff admitted at his deposition he was not an insured, then there would have been no merit to the breach of implied covenant claim since the existence of a contract is a legal and factual predicate of such a cause of action.* [Citations.] However, the nature of the deposition admission in the present case did not rise to the level of such evidence which would prove the conspiracy claim had 'no merit' and could not 'be established.' (§ 437c, former subd. (n)(2).)" (*Villa* v. *McFerren*, *supra*, 35 Cal.App.4th at p. 749, italics added.)

*Villa* is noteworthy for our purposes because the court made clear the deposition testimony relied upon by the defendant was inadequate to negate or disprove the alleged conspiracy as a matter of law. (*Villa* v. *McFerren*, *supra*, 35 Cal.App.4th at pp. 748-749.) According to the court, the plaintiff's "unawareness of communications which he or she would not have been present to observe" did not establish as a matter of law that no conspiracy existed. (*Villa* at p. 749.)[12]

---

[11]The appellate court ultimately affirmed the summary judgment in favor of the defendant because deposition testimony presented in response to the motion filled in the evidentiary gaps in the defendant's motion and proved as a matter of law that the plaintiff's case had no merit. (*Villa* v. *McFerren*, *supra*, 35 Cal.App.4th at p. 750.) We express no view with respect to this aspect of the decision. (See *United Community Church* v. *Garcin* (1991) 231 Cal.App.3d 327, 339 [282 Cal.Rptr. 368]; cf. *Dixon* v. *American Tel. & Tel. Co.* (2d Cir. 1947) 159 F.2d 863, 863-864.)

[12]The *Villa* court also explained that the testimony did not establish that the plaintiff could not prove the alleged conspiracy because the deposition answers were not equivalent to a response to a state "all facts" interrogatory which would have required the defendant to identify all evidence known to him supportive of his conspiracy claim; the defendant was therefore not entitled to summary judgment under the *Union Bank* rationale. (*Villa* v. *McFerren*, *supra*, 35 Cal.App.4th at p. 749; see also *Hagen* v. *Hickenbottom*, *supra*, 41 Cal.App.4th at pp. 186-187.) It appears *to* us unlikely that any deposition of a plaintiff would result in testimony equivalent to an answer to an interrogatory which seeks the disclosure of "all facts" supporting a particular legal contention made by the plaintiff. (See *Rifkind* v. *Superior Court* (1994) 22 Cal.App.4th 1255, 1260 [27 Cal.Rptr.2d 822].)

Additionally, the several contrasting situations examined by the *Villa* court—the circumstances in *Jambazian* v. *Borden*, the hypothetical admission by the plaintiff at his deposition that "he was not an insured," and the "myriad of litigation scenarios where . . . a moving party can shift the burden of proof on a conspiracy issue"—each involved the presentation by a defendant moving for summary judgment of affirmative evidence which disproved or negated an essential element of the corresponding plaintiff's case. (*Villa* v. *McFerren, supra,* 35 Cal.App.4th at pp. 748-749.) Comparing these examples to the defendant's showing in the case before it, the *Villa* court found the defendant's "evidence failed to contain a declaration or similar evidence *proving no agreement or conspiracy existed.*" (*Villa* at pp. 748-749, italics added.)

The task of resolving a defendant's motion for summary judgment will be facilitated by identifying at the outset the ground relied upon by the moving defendant. Is the defendant claiming the plaintiff cannot establish the cause of action pled (1) because the plaintiff's factually insufficient discovery responses demonstrate the plaintiff cannot prove an essential element of that cause of action; or (2) because the defendant's affirmative evidence discloses facts which negate the existence of an essential element of the plaintiff's claim by proving the contrary is true? If it is the latter, the court should evaluate defendant's evidence under the same strict standards which were held to apply to a defendant's attempt to disprove an element of the plaintiff's cause of action before the 1992 and 1993 amendments to section 437c, in order to avoid unjustly depriving the plaintiff of a trial. (See *Molko* v. *Holy Spirit Assn.* (1988) 46 Cal.3d 1092, 1107 [252 Cal.Rptr. 122, 762 P.2d 46]; *Chevron U.S.A., Inc.* v. *Superior Court, supra,* 4 Cal.App.4th at pp. 552-553; cf. *Celotex Corp.* v. *Catrett, supra,* 477 U.S. at p. 327 [91 L.Ed.2d at p. 276].)

## II.

■ We now turn to an assessment of whether respondent satisfied his burden of proof under amended section 437c, subdivision (o)(2). ■ In passing we note that, as the reviewing court, we determine de novo whether an issue of material fact exists and whether the moving party was entitled to summary judgment as a matter of law. (*Redevelopment Agency* v. *International House of Pancakes, Inc.* (1992) 9 Cal.App.4th 1343, 1348 [12 Cal.Rptr.2d 358].) In other words, we must assume the role of the trial court and reassess the merits of the motion. (*Chevron U.S.A., Inc.* v. *Superior Court, supra,* 4 Cal.App.4th 544, 548.) In doing so, we will consider only the facts properly before the trial court at the time it ruled on the motion. (*North Coast Business Park* v. *Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 30 [21 Cal.Rptr.2d 104].)

In carrying out our appellate function, we apply the same three-step analysis required of the trial court: " 'First, we identify the issues framed by the pleadings since it is these allegations to which the motion must respond . . . . [¶] Secondly, we determine whether the moving party's showing has [satisfied his or her burden of proof] and justif[ies] a judgment in movant's favor. . . . [¶] When a summary judgment motion prima facie justifies a judgment, the third and final step is to determine whether the opposition demonstrates the existence of a triable, material factual issue.' " (*Zuckerman v. Pacific Savings Bank* (1986) 187 Cal.App.3d 1394, 1400-1401 [232 Cal.Rptr. 458]; see also *Saldana v. Globe-Weis Systems Co.* (1991) 233 Cal.App.3d 1505, 1513 [285 Cal.Rptr. 385].)

We have compared the "separate statement" presented by respondent in support of his motion to the "response" submitted by appellant in opposition to the motion. With respect to those proposed undisputed facts which were challenged by appellant, we have made such adjustments in them as are necessary to accurately reflect the supporting evidence. (See fns. 13 & 14, *post.*) We have also accepted without question those of respondent's proposed undisputed facts which were not contested by appellant. (*Hurley Construction Co. v. State Farm Fire & Casualty Co.* (1992) 10 Cal.App.4th 533, 540-541 [12 Cal.Rptr.2d 629].)

From this comparison, we have determined the following constitute the "undisputed facts" relevant to whether respondent demonstrated as a matter of law that appellant's cause of action had no merit.

1. The subject accident occurred on or about June 1, 1992, at the premises located at 5874 Arbolada Drive, LaGrange, Tuolumne County, California.

2. Appellant entered into an oral agreement to lease the subject premises from the respondent.

3. There is one stairway which leads from the first floor to the second floor. There is one handrail which is attached to the stairway.

4. Prior to appellant's accident he did not notice anything about the handrail which he thought was unsafe. Appellant did notice slight movement in the handrail before the accident, but he was not concerned about this condition.

5. After appellant took possession, he had telephone conversations with the respondent and correspondence with the respondent by mail. Appellant

did not make any complaints to respondent or any of his agents regarding the handrail before the accident.

6. From the time appellant took possession of the residence and up until the time of his accident, appellant would use the stairway and subject handrail approximately three to four times a day. Although the stairway was steep, appellant was able to walk the stairway without necessarily using the handrail. There was also adequate lighting in the area of the stairway.

7. From the time appellant took possession and until the subject accident, neither respondent nor his agent had been inside the house.

8. The accident occurred in the evening after appellant had dinner and after he had gone up the stairs to watch television in his bedroom. Appellant did not notice anything unusual with regards to the handrail when he went up to his bedroom that evening. The accident occurred as he was in the process of going down the stairs to the kitchen to get something to drink.

9. As appellant was going down the stairs, he was holding onto the handrail with his hand gliding as he proceeded downward. When appellant got halfway down the stairs, the handrail came loose from its center anchor point causing him to fall down the stairs.

10. At the time he leased the premises to appellant, respondent was not aware of "any kind of problem with the stairway."[13]

11. Appellant did not immediately contact respondent regarding the accident. He did not inform respondent until a couple of months following the accident when he wrote respondent a letter.

12. In October 1992, appellant corresponded with respondent once again discussing the accident and telling him that the handrail had given way. He advised respondent that he was surprised that the accident had happened because he had used the stairs many times and had no idea that the accident would happen. Otherwise, he would have made it a priority to fix it.

---

[13]Respondent's proposed undisputed fact No. 10 stated at the time appellant leased the premises to respondent, respondent "was not aware of any hazard or unsafe condition regarding the handrail." However, in the portion of the respondent's supporting declaration, he stated only that he was not aware of "any kind of problem with the stairway." Because they were unaccompanied by any citation to admissible evidence, the facts offered by appellant in order to attempt to dispute respondent's proposed undisputed fact No. 10 have been ignored.

13. In approximately January 1992, appellant replaced a missing banister on the handrail. This replacement was without the knowledge and consent of respondent.[14]

As support for the first of his contentions—the stairway was not defective—respondent relies upon the following facts. Appellant used the stairway and handrail many times during his tenancy and before the accident. He acknowledged there was nothing about the handrail which he believed was unsafe. He expressed surprise the handrail had come loose from its anchor point and said he would have fixed the problem had he been aware of it.[15]

We fail to see how any of these circumstances, individually or collectively, demonstrate that the stairway was not defective and therefore that appellant cannot establish the stairway railing was defective. Just because appellant did not notice anything about the handrail which led him to believe it might have been defective does not prove there was no defect in the handrail. In addition, the prior uneventful use by appellant may mean only that the condition did not manifest itself at an earlier time. In *Becker* v. *IRM Corp.* (1985) 38 Cal.3d 454, 468-469 [213 Cal.Rptr. 213, 698 P.2d 116, 48 A.L.R.4th 601], there was no evidence of accidents involving shower doors with untempered glass prior to the breakage which injured the plaintiff, and there was nothing about the doors which would have alerted a "layperson" to the fact that a door was made of untempered glass. (*Becker* at p. 458.) In spite of these facts, the Supreme Court reversed the summary judgment in favor of the defendant on the plaintiff's negligence count. (*Id.* at p. 469.)[16]

We do not mean to say the lack of any prior incident during appellant's tenancy is absolutely irrelevant to whether a defect existed in the handrail.

[14]Respondent's proposed undisputed fact No. 13 stated that in January 1992, appellant made a "modification to the handrail. He replaced one of the supports just below the central anchor point." In disputing this proposed fact, appellant claimed the evidence demonstrated appellant had "replaced a spindle," a modification which "did not affect the central anchor point of the stairway." The underlying evidence contained in the portions of appellant's deposition relied upon by both parties disclosed that appellant actually testified he had replaced a "banister." In addition, the cited portions of appellant's deposition did not include any statement that the replaced item "did not affect the central anchor point of the stairway" or was "just below the central anchor point."

[15]Respondent also maintains appellant was experienced in residential construction and had done repair work on the premises before the accident. Nothing in appellant's undisputed facts mentions appellant's "experience" in home construction. We therefore ignore the point for purposes of analyzing of the sufficiency of respondent's moving papers to shift the burden under section 437c, subdivision (o)(2).

[16]We acknowledge that *Becker* predated the 1992 and 1993 amendments to section 437c. However, we are not now concerned with the allocation of the burden of proof under section 437c, subdivision (o)(2), but rather with the question whether a certain evidentiary fact—the absence of prior accidents—forecloses proof of an ultimate fact—the existence of a defect—by other evidentiary facts.

(See Evid. Code, § 351; *Beauchamp* v. *Los Gatos Golf Course* (1969) 273 Cal.App.2d 20, 37 [77 Cal.Rptr. 914].) Instead, under the circumstances disclosed by respondent's undisputed facts, the absence of an earlier accident does not establish the absence of a defect. We view the evidence of lack of prior accidents involving the stairway as equivalent to the deposition testimony found inadequate in *Villa* v. *McFerren, supra,* 35 Cal.App.4th at page 749. While arguably relevant under Evidence Code section 351 to the question whether a defect in the handrail existed, it is not sufficient by itself to eliminate the existence of a defect or otherwise demonstrate appellant cannot prove such a dangerous condition. Had respondent presented expert testimony that there was no defect in the stairway he would have satisfied his burden under section 437c, subdivision (o)(2). (See *Jambazian* v. *Borden, supra,* 25 Cal.App.4th 836, 846.)

As support for his second contention—respondent did not have "actual or constructive knowledge" of the condition nor could he "discover it by the exercise of ordinary care"—respondent points to the undisputed facts that appellant used the stairway without incident for a considerable time prior to the accident, and that he (respondent) had no notice at any time of any problem of any kind with the stairway.

This evidence might well be enough to justify summary judgment for respondent with respect to a problem which came into being after appellant took possession of the apartment. ■ A landlord is not liable for injuries to a tenant caused by a condition on the premises which arises after the tenant has taken possession. (*Becker* v. *IRM Corp., supra,* 38 Cal.3d at p. 469; *Uccello* v. *Laudenslayer* (1975) 44 Cal.App.3d 504, 510 [118 Cal.Rptr. 741, 81 A.L.R.3d 628]; Rest.2d Torts, § 355, p. 239; see also *Peterson* v. *Superior Court* (1995) 10 Cal.4th 1185, 1192 [43 Cal.Rptr.2d 836, 899 P.2d 905].)[17] However, the rule in this state is different with respect to a condition which exists at the time the property is leased to the tenant. (*Peterson* v. *Superior Court, supra,* 10 Cal.4th at p. 1195; *Becker* v. *IRM Corp., supra,* 38 Cal.3d at pp. 468-469; *Mora* v. *Baker Commodities, Inc.* (1989) 210 Cal.App.3d 771, 781 [258 Cal.Rptr. 669]; but see Rest.2d Torts, § 356, p.

---

[17]Certain exceptions to this basic principle have been recognized, such as where the landlord covenants or volunteers to repair a defective condition on the premises, where the landlord has actual knowledge of defects which are unknown and not apparent to the tenant and he or she fails to disclose them to the tenant, where a nuisance exists on the property at the time the lease is made or renewed, when a safety law has been violated, or where the injury occurs on a part of the premises over which the landlord retains control, such as common areas. (*Uccello* v. *Laudenslayer, supra,* 44 Cal.App.3d at p. 511; Rest.2d Torts, §§ 357, 360-362.) A "common element in these exceptions is that either at or after the time possession is given to the tenant the landlord retains or acquires a recognizable degree of control over the dangerous condition with a concomitant right and power to obviate the condition and prevent the injury." (*Uccello* v. *Laudenslayer, supra,* 44 Cal.App.3d at p. 511.)

240; and *Brennan* v. *Cockrell Investments, Inc.* (1973) 35 Cal.App.3d 796, 800-801 [111 Cal.Rptr. 122].) As *Becker* makes clear, a "landlord at time of letting may be expected to inspect an apartment to determine whether it is safe," and will be subject to liability for "those matters which would have been disclosed by a reasonable inspection." (*Becker* v. *IRM Corp., supra*, 38 Cal.3d at pp. 468-469; see also *Peterson* v. *Superior Court, supra*, 10 Cal.4th 1185, 1197.) ■■■ Thus, appellant's use of the stairway without incident and respondent's lack of notice are not enough standing alone to justify a summary judgment in favor of respondent with respect to a deficiency which existed at the time the lease commenced.

On the therefore critical question of when the purported dangerous condition involved in this action arose, respondent's undisputed facts say nothing. At most we know the accident occurred because the "handrail came loose from its center anchor point." However, respondent's undisputed facts include no evidence which even intimates whether the problem that led to the accident existed at the inception of the lease, whether respondent made any inspection prior to letting the home to appellant, or whether a reasonable inspection by respondent prior to appellant's occupancy would not have disclosed the condition.[18]

In sum, the respondent's undisputed facts left open the possibility appellant could produce evidence at trial warranting a conclusion by the trier of fact that respondent was liable for appellant's injuries because a dangerous condition existed at the inception of the lease and respondent would have discovered it had he made a reasonable prelease inspection. Necessarily, then, respondent failed to demonstrate appellant's cause of action for negligence could not be established. (§ 437c, subd. (o)(2).)

Furthermore, because respondent failed to meet the burden of proof imposed upon him by section 437c, subdivision (o)(2), the obligation of demonstrating a triable issue of fact did not shift to appellant. In any event, we find nothing in the affirmative evidence supplied by appellant in opposition to the motion which cured the deficiencies in respondent's moving

---

[18]Respondent argues in part that if there was a "defect in the structural integrity of the handrail it was clearly latent and [respondent] would have had no reason to suspect such a defect unless he employed the services of a contractor to go though the house with a fine-toothed comb and to look for any and all defects in the entire residence." Given the lack of detail in respondent's undisputed facts about the cause of the accident, this lament is pure speculation. The undisputed facts are simply silent about the nature and genesis of the condition which caused the handrail to collapse.

papers and which therefore would permit us to affirm the trial court's ruling.[19] (See *Villa* v. *McFerren, supra,* 35 Cal.App.4th at p. 750.)[20]

It is unnecessary to address any other issue raised by appellant. We do note that appellant's claim he was entitled to proceed against respondent under a cause of action for strict liability (*Becker* v. *IRM Corp., supra,* 38 Cal.3d at p. 454) has been rejected by the Supreme Court in *Peterson* v. *Superior Court, supra,* 10 Cal.4th at page 1210.

## III.

A last comment. Contrary to what may be a widespread belief among the bench and bar of this district, we do not gleefully go about fabricating ad hoc, "technical" reasons to overturn every grant of summary judgment presented to this court for review. Section 437c is a complicated statute. There is little flexibility in the procedural imperatives of the section, and the issues raised by a motion for summary judgment (or summary adjudication) are pure questions of law. As a result, section 437c is unforgiving; a failure to comply with any one of its myriad requirements is likely to be fatal to the offending party.

Section 437c thus does not furnish the trial courts with a convenient procedural means, to which only "lip service" need be given, by which to clear the trial calendar of what may appear to be meritless or weak cases. (See *Whitaker* v. *Coleman* (5th Cir. 1940) 115 F.2d 305, 307 [A "catch penny contrivance to take unwary litigants into its toils and deprive them of a trial"].) Any arbitrary disregard of the statutory commands in order to bring about a particular outcome raises procedural due process concerns. (*Chevron U.S.A., Inc.* v. *Superior Court, supra,* 4 Cal.App.4th at p. 553.) Motions for summary judgment cannot therefore properly be decided by employing a sort of detached "smell test." The success or failure of the motion must be determined, as we have done here, by application of the required step-by-step evaluation of the moving and opposing papers (*Zuckerman* v. *Pacific Savings Bank, supra,* 187 Cal.App.3d 1394, 1400-1401.) In that way, "due regard" will be given to the right of those persons asserting claims "that are adequately based in fact to have those claims . . . tried to a jury" as well as to the "rights of persons opposing such claims . . . to demonstrate in the manner provided by [section 437c] that the claims . . . have no factual basis." (*Celotex Corp.* v. *Catrett, supra,* 477 U.S. at p. 327 [91 L.Ed.2d at p. 276].)

---

[19]For purposes of this conclusion, we assume the trial court was correct in finding certain critical portions of the declarations of Larry Garrett and Robert Thompson to be inadmissible. The two declarations were submitted by appellant in opposition to the motion.

[20]But see footnote 11, *ante.*

## DISPOSITION

The judgment is reversed. Appellant is awarded his costs on appeal.

Stone (W. A), Acting P. J., and Harris, J., concurred.