Filed 8/26/15  Black v. State of California CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| ROBERT BLACK et al.,<br><br>Plaintiffs and Appellants,<br><br>v.<br><br>STATE OF CALIFORNIA et al.,<br><br>Defendants and Respondents. | F069720<br><br>(Super. Ct. No. CV278304)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  David R. Lampe, Judge.

Alderlaw, Michael Alder, Jennifer P. Burkes and Jefferson Saylor for Plaintiffs and Appellants.

Kamala D. Harris, Attorney General, Kathleen A. Kenealy, Chief Attorney General, Kristin G. Hogue, Assistant Attorney General, Joel A. Davis and Benjamin Barnouw, Deputy Attorneys General, for Defendants and Respondents.

-ooOoo-

This case arises from an automobile accident that occurred at night on a four-lane highway when Robert Black stopped his car in the left lane (fast lane) next to a California Highway Patrol (CHP) car that was stopped in the number two lane with its emergency lights activated. While stopped, appellants' car was hit from behind by another car.

Appellants challenge the grant of summary judgment in favor of the State of California and CHP Officer Jonathan Pope on appellants' complaint for negligence and dangerous condition of public property. According to appellants, triable issues of material fact exist regarding whether Officer Pope was negligent when he blocked one lane of the highway and whether Officer Pope created a dangerous condition on public property.

Summary judgment was properly granted. Officer Pope did not owe appellants a duty of care under these circumstances and the highway was not defective. Therefore, the judgment will be affirmed.

## BACKGROUND

On a February night at approximately 9:45, Robert Black was driving on State Route 14, a four-lane highway, with his wife, Rachel, and three children as passengers. While driving in the left lane, Robert noticed a CHP vehicle was stopped in the right lane with its overhead emergency lights activated. Robert pulled up next to the CHP vehicle and stopped. Robert rolled the passenger window down and shouted to CHP Officer Pope to get his attention. Around 10 to 15 seconds after he stopped, Robert's car was hit from behind by another car. Robert, Rachel and two of their children, Logan and Landen, were injured in the collision. Robert and Rachel's daughter was killed.

Pope was stopped in the right lane to prevent vehicles from traveling in that lane because there was a person threatening to commit suicide by jumping off an overpass approximately 200 feet ahead. This suicidal person was outside of the chain link fence along the overpass but was being restrained by a third party standing inside the fence.

2.

This third party had reached through the fence and was holding the suicidal person's clothes.

At the time of the collision, Pope had just recently arrived at the scene. When Robert stopped, Pope was searching in his patrol car's trunk for flares to put out to warn traffic. By the time Robert got Pope's attention, the collision was imminent.

Appellants filed the underlying complaint alleging causes of action for personal injury, dangerous condition of public property and wrongful death. These causes of action were premised on the theory that Pope negligently caused Robert to stop his car in the left lane.

Respondents moved for summary judgment. The trial court granted respondents' motion on the ground that Pope owed no duty of care to appellants.

## DISCUSSION

### 1. *Standard of review.*

A defendant who moves for summary judgment under Code of Civil Procedure section 437c, must either negate a necessary element of the plaintiff's cause of action or establish a complete defense to that cause of action. The moving party must demonstrate that a material question of fact requiring examination by the trial court does not exist under any possible hypothesis within the reasonable purview of the allegations of the complaint. If the moving defendant satisfies this obligation, the burden shifts to the plaintiff to produce evidence creating a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2); *Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1594.)

In evaluating the ruling under Code of Civil Procedure section 437c, the appellate court must independently examine the record to determine whether triable issues of material fact exist. (*Saelzler v. Advanced Group 400* (2001) 25 Cal.4th 763, 767.) In performing this de novo review, the court views the evidence in a light favorable to the plaintiff as the losing party, liberally construing the plaintiff's evidentiary submission while strictly scrutinizing the defendant's own showing and resolving any evidentiary

doubts or ambiguities in the plaintiff's favor. (*Id*. at p. 768.) Moreover, the trial court's reasoning is irrelevant. The legal effect of the undisputed facts must be scrutinized independently and the judgment affirmed on any ground supported by the record. (*Jimenez v. County of Los Angeles* (2005) 130 Cal.App.4th 133, 140.)

**2.      *Officer Pope did not owe appellants a duty of care.***

To establish negligence, a plaintiff must show that (1) the defendant owed the plaintiff a legal duty; (2) the defendant breached that duty; and (3) the breach was a proximate cause of the plaintiff's injuries. (*Gilmer v. Ellington* (2008) 159 Cal.App.4th 190, 195 (*Gilmer*).) The absence of any one of these elements is fatal to a negligence claim. (*Ibid*.)

Our first inquiry is whether Pope owed a duty of care to appellants. We decide this issue as a matter of law. The question of whether respondents are statutorily immune from liability does not arise unless Pope owed a duty of care to appellants and would be liable in the absence of such immunity. (*Greyhound Lines, Inc. v. Department of California Highway Patrol* (2013) 213 Cal.App.4th 1129, 1135-1136 (*Greyhound*).)

In general, all people are required to use ordinary care to prevent others from being injured as a result of their conduct. (*Gilmer, supra,* 159 Cal.App.4th at pp. 195-196.) This legal duty is owed to the class of persons who it is reasonably foreseeable may be injured as the result of this conduct. (*Lugtu v. California Highway Patrol* (2001) 26 Cal.4th 703, 716.) Additionally, "one's general duty to exercise due care includes the duty not to place another person in a situation in which the other person is exposed to an unreasonable risk of harm through the reasonably foreseeable conduct (including the reasonably foreseeable negligent conduct) of a third person." (*Ibid.*) However, in the absence of a special relationship, there is no duty to either control the conduct of another or come to the aid of another. (*Williams v. State of California* (1983) 34 Cal.3d 18, 23; *Greyhound, supra,* 213 Cal.App.4th at p. 1136.) These rules apply to law enforcement personnel, including CHP officers. (*Greyhound, supra,* 213 Cal.app.4th at p. 1136.)

"[T]o create a special relationship and a duty of care, there must be evidence that CHP '"made misrepresentations that induced a citizen's detrimental reliance [citation], placed a citizen in harm's way [citations], or lulled a citizen into a false sense of security and then withdrew essential safety precautions."'" (*Greyhound, supra,* 213 Cal.App.4th at p. 1136.) Thus, affirmative conduct or misfeasance on the CHP officer's part that induces reliance or changes the risk of harm is required. "Nonfeasance that leaves the citizen in exactly the same position that he or she already occupied cannot support a finding of duty of care." (*Ibid.*)

The foreseeability of harm to the plaintiff is the chief factor in a duty analysis. (*Tucker v. CBS Radio Stations, Inc.* (2011) 194 Cal.App.4th 1246, 1253.) Other considerations include the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing liability, and the availability, cost, and prevalence of insurance for the risk involved. (*Id.* at p. 1252.) However, if the court concludes the injury was not foreseeable, there was no duty and thus, no need to analyze the remaining considerations. (*Id.* at p. 1253.)

The emergency Officer Pope responded to was the hazard to motorists caused by a person threatening to commit suicide by jumping off an overpass onto the right lane of the highway. Appellants acknowledge that this peril was not created by Officer Pope. However, appellants contend that when Officer Pope blocked the right lane and activated his emergency overhead lights in response to this hazard he increased the risk of harm. According to appellants, Pope's actions "had the predictable result of directing cars to change lanes and stop" and thus caused appellants to respond by coming to a stop adjacent to Pope's vehicle. Therefore, appellants assert, there is a triable issue of material fact as to whether Officer Pope was negligent.

5.

Contrary to appellants' position, Officer Pope's response to the hazard created by the suicidal person on the overpass did not increase the risk of harm. Although the emergency lights did cause cars to change lanes, it was not foreseeable that a car would stop alongside Pope's patrol car thereby blocking the entire highway. In fact, Robert Black's response to the emergency lights violated Vehicle Code section 21809. Under that section, a person driving a vehicle on a freeway approaching a stationary authorized emergency vehicle displaying emergency lights must approach with due caution and pass the emergency vehicle at a reasonable and prudent speed absent other direction by a peace officer. It was reasonable for Officer Pope to expect drivers to comply with the law, i.e., slow down and pass his stationary vehicle, not stop. Accordingly, Officer Pope did not engage in any affirmative conduct that increased the risk to appellants. Rather, the accident occurred because of Robert Black's improper and unforeseeable response to the emergency lights.

Further, Officer Pope did not make misrepresentations that induced appellants' detrimental reliance, place appellants in peril, or lull appellants into a false sense of security. He did not give any indication to appellants that they should stop. Rather, Pope was not even aware that appellants were stopped and trying to get his attention until the collision was imminent. Thus, there was no special relationship between Pope and appellants. Therefore, Pope did not owe appellants a duty of care. Since Pope is not liable for appellants' injuries, we need not reach the immunity issues. (*Greyhound, supra,* 213 Cal.App.4th at p. 1137.)

3. ***The accident was not caused by a dangerous condition on public property.***

Appellants contend that Officer Pope created a dangerous condition on public property when he blocked the right lane and activated the overhead emergency lights. According to appellants, the existence of this dangerous condition is a question of fact and therefore summary judgment should not have been granted on this cause of action.

"A 'dangerous condition' … is 'a condition of property that creates a substantial … risk of injury when such property or adjacent property is used with due care' in a 'reasonably foreseeable' manner." (*Bonanno v. Central Contra Costa Transit Authority* (2003) 30 Cal.4th 139, 147.) However, liability for maintaining public property in a dangerous condition depends on the existence of *some* defect in the property itself and the existence of a causal connection between that defect and the plaintiff's injury. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1138 (*Zelig*).) Thus, the plaintiff's evidence must establish a *physical* deficiency in the property itself. (*Cerna v. City of Oakland* (2008) 161 Cal.App.4th 1340, 1347.) "A dangerous condition exists when public property 'is physically damaged, deteriorated, or defective in such a way as to foreseeably endanger those using the property itself,' or possesses physical characteristics in its design, location, features or relationship to its surroundings that endanger users." (*Id.* at pp. 1347-1348.) Third party conduct will not be characterized as a dangerous condition absent some concurrent contributing defect in the property itself. (*Zelig, supra,* 27 Cal.4th at p. 1135.)

Here, appellants argue that Officer Pope's conduct in blocking the right lane of the highway created a dangerous condition. Appellants do not allege any physical defect in the highway that contributed to the collision. Therefore, as a matter of law, Officer Pope did not create a dangerous condition.

**4.      *The trial court did not err in sustaining respondents' evidentiary objections.***

In opposing respondents' summary judgment motion, appellants submitted an expert witness declaration from Edward R. Fincel. In this declaration, Fincel made references to the CHP policy manuals. Appellants also referred to the CHP policy manuals in their separate statement of material facts. Respondents objected to all the CHP policy manual references on the ground that these manuals were not before the court. The trial court sustained these objections.

Appellants note that policy manuals may be considered by the trier of fact in determining whether an officer was negligent, although they cannot establish the standard of care.  (*Lugtu v. California Highway Patrol*, *supra*, 26 Cal.4th at p. 720.)  Here, however, appellants did not submit or authenticate the CHP policy manuals.  Generally, oral testimony is not admissible to prove the content of a writing.  (Evid. Code, § 1523, subd. (a).)  Accordingly, any opinion based on the manuals had no evidentiary basis and thus no evidentiary value.  (*Garibay v. Hemmat* (2008) 161 Cal.App.4th 735, 742.)  Therefore, the trial court did not abuse its discretion in sustaining respondents' evidentiary objections.

## DISPOSITION

The judgment is affirmed.  Costs on appeal are awarded to respondents.

_____
LEVY, Acting P.J.

WE CONCUR:


_____
KANE, J.


_____
POOCHIGIAN, J.

8.