Filed 5/28/15  Humphrey v. Pleaset Valley State Prison Med. Dept. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IRVING C. HUMPHREY,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>PLEASANT VALLEY STATE PRISON MEDICAL DEPARTMENT et al.,<br><br>Defendants and Respondents. | F069770<br><br>(Super. Ct. No. 10CECG02505)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

Irving Humphrey, in pro. per., for Plaintiff and Appellant.

Reily & Jeffery, Inc. and Janine K. Jeffery for Defendants and Respondents.

-ooOoo-

Irving Humphrey, a state prison inmate, filed a complaint for negligence and various Government Code violations against Felix Igbinosa, M.D., the Chief Medical

---

[*]    Before Levy, Acting P.J., Poochigian, J. and Peña, J.

Officer at Pleasant Valley State Prison, and the Pleasant Valley State Prison Medical Department. Humphrey's claims stemmed from his not receiving necessary anti-seizure medication for a two-week period.

The trial court granted the defendants' motion for summary judgment. On appeal, Humphrey challenges the summary judgment entered in favor of Dr. Igbinosa.

Based on the undisputed facts, the trial court concluded that Dr. Igbinosa was not liable for negligence because he was not involved in the denial of Humphrey's medication. The court further found that Dr. Igbinosa was not vicariously liable as a public entity's supervisory employee for the acts or omissions of his employees. Humphrey asserts that a triable issue of material fact exists regarding whether Dr. Igbinosa knew Humphrey was being deprived of his medication.

The trial court correctly granted Dr. Igbinosa's summary judgment motion. Accordingly, the judgment will be affirmed.

## BACKGROUND

Since having a brain tumor removed in 1993, Humphrey has suffered from seizures on a regular basis. Humphrey was prescribed an anti-seizure medication to help control his seizures. However, even when taking this medication, Humphrey still suffers from seizures in his sleep every three or four months.

Humphrey was not given his anti-seizure medication for 14 days in 2009, from May 5 to May 19, after his prescription expired. On May 7, Humphrey filed an inmate appeal stating that he was having a problem getting his medication. On May 9, Humphrey suffered a seizure and fell out of his bed, injuring his shoulder. Humphrey's inmate appeal was partially granted on May 14 and he began receiving his medication on May 19.

Humphrey did not speak with Dr. Igbinosa during the two-week period when he did not receive his medication. Dr. Igbinosa did not know about Humphrey's medication problem or of any conditions at the prison that would have caused Humphrey not to

2.

receive his medication. Dr. Igbinosa first learned about Humphrey's medication issue in June or July 2009, in the course of conducting a second level review of Humphrey's appeal. However, by that time Humphrey had already begun receiving his medication. Although Dr. Igbinosa was responsible for overseeing the medical facilities and staff at the prison, he was not responsible for the pharmacy operations.

Humphrey's underlying complaint asserted claims against Dr. Igbinosa and the Pleasant Valley State Prison Medical Department for negligence and for violations of Government Code sections 845.6, 855.8 and 856.

Defendants moved for summary judgment. Humphrey opposed the motion but did not submit a separate statement of material facts.

The trial court granted the defendants' summary judgment motion as to the entire complaint. The trial court found that Dr. Igbinosa was unaware that Humphrey was denied his medication until Humphrey had started receiving it again and therefore Dr. Igbinosa was not involved in the denial. The court further concluded that, as a public entity's supervisory employee, Dr. Igbinosa was not vicariously liable for any acts or omissions of his employees. The court additionally held that there was no evidence to support Humphrey's claim that Dr. Igbinosa violated his statutory duties toward Humphrey.

Regarding the Pleasant Valley State Prison Medical Department, the trial court noted that Humphrey stated in his deposition that his claim against the prison was based on an alleged violation of his Eighth Amendment right to be free from cruel and unusual punishment. The court observed that Humphrey did not make such an allegation in his complaint and ruled that, in any event, Humphrey could not sue the state or its officers for an Eighth Amendment violation.

## DISCUSSION

A defendant moving for summary judgment bears an initial burden of production to make a prima facie showing of the nonexistence of any triable issue of material fact. If

the defendant carries this burden of production, the burden of production shifts to the plaintiff to make a prima facie showing of the existence of a triable issue of material fact. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.) However, the plaintiff opposing the summary judgment motion may not rely on his or her pleadings alone, but must file opposition to the motion, with affidavits setting forth specific facts demonstrating that a triable issue of material fact exists. (*Sangster v. Paetkau* (1998) 68 Cal.App.4th 151, 162.) In order to avert summary judgment, the plaintiff must produce substantial responsive evidence sufficient to establish a triable issue of material fact on the merits of the defendant's showing. (*Id*. at pp. 162-163.) Evidence that gives rise to no more than speculation is insufficient to establish a triable issue of material fact. (*Id*. at p. 163.)

On appeal, the reviewing court must assume the role of the trial court and reassess the merits of the motion. (*Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1601.) The appellate court applies the same legal standard as the trial court to determine whether there are any genuine issues of material fact or whether the moving party is entitled to judgment as a matter of law. The court must determine whether the moving party's showing satisfies his or her burden of proof and justifies a judgment in the moving party's favor. (*Brown v. Ransweiler* (2009) 171 Cal.App.4th 516, 526.) In doing so, the appellate court must view the evidence and the reasonable inferences therefrom in the light most favorable to the party opposing the summary judgment motion. (*Essex Ins. Co. v. Heck* (2010) 186 Cal.App.4th 1513, 1522.)

On appeal, Humphrey argues there exists a triable issue of material fact as to whether Dr. Igbinosa knew that Humphrey was being deprived of his anti-seizure medication and failed to act. Noting that a prison nurse told Humphrey she would enter his medication problem into the clinic's log, Humphrey asserts it can be reasonably inferred that Dr. Igbinosa knew of this problem. Humphrey does not raise any other issues.

4.

However, the undisputed facts show that Dr. Igbinosa had no knowledge of, and was not personally involved in, Humphrey not receiving his anti-seizure medication. Humphrey's claim that Dr. Igbinosa knew, or should have known, of the problem because it was recorded in the clinic's log is nothing more than speculation and does not establish a triable fact. Further, although he was the head of the prison medical department, Dr. Igbinosa could not be found vicariously liable for any act or omission of another prison employee. (Gov. Code, § 820.8; *Weaver v. State of California* (1998) 63 Cal.App.4th 188, 203.) Accordingly, the trial court properly entered summary judgment in Dr. Igbinosa's favor.

## DISPOSITION

The judgment is affirmed. No costs are awarded.